No. 37,753

C. MAURICE McCULLOUGH, *Petitioner*, v. ROBERT H. HUDSPETH, as Warden of the Kansas State Penitentiary, and H. R. FATZER, attorney General of the State of Kansas, *Respondents.*

(210 P. 2d 413)

Opinion filed October 8, 1949.

*Edward Rooney,* of Topeka, argued the cause, and was on the briefs for the petitioner.

*Harold Hughes,* assistant attorney general, argued the cause, and *H. R. Fatzer,* attorney general, was with him on the briefs for the respondents.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding commenced in this court by the petitioner against the warden of the state penitentiary and the attorney general for a writ of habeas corpus to secure peti-

tioner's release from custody and to prevent his being returned to Russell county for trial on an information to which reference is later made. The attorney general's motion that the proceeding be dismissed as to him has been sustained heretofore.

The petitioner's claim of right to release grows out of the following facts, which are not in dispute.

On January 3, 1944, petitioner was arrested and confined in the Russell county jail on a charge of obtaining money by false pretense. Before he could be tried, and on January 11, 1944, he escaped, and under date of January 14, 1944, an information was filed directly in the district court of Russell county, charging him with the crime of breaking jail and with being a fugitive from justice, as authorized by G. S. 1935, 62-805, and on the same day a warrant was issued. It is trial on this information which the petitioner seeks to avoid. The petitioner was not apprehended by the sheriff of Russell county but on April 19, 1944, in the district court of Ellis county he pleaded guilty to the crime of felonious assault, was sentenced to the state penitentiary for a term not exceeding ten years, and was duly committed under that sentence. Under date of November 1, 1944, the sheriff of Russell county sent to the warden of the state penitentiary a copy of the warrant for the petitioner issued in Russell county and asked that upon completion of his sentence the warden hold the petitioner for the sheriff. Under date of October 15, 1945, the board of administration acted upon the petitioner's application for a parole from the Ellis county sentence and he was paroled to the sheriff of Pawnee county "as per detainer filed by the Sheriff's Office at Larned, Kansas," and on November 9, 1945, in the district court of Pawnee county, petitioner pleaded guilty to an information charging theft of an automobile, was sentenced to the state penitentiary and was duly committed under that sentence. Under date of April 5, 1949, the board of administration considered petitioner's application for a parole and noted the detainer from Russell county. Before the petitioner could be delivered to the sheriff of Russell county, the instant proceeding was commenced, and under order of this court, petitioner gave bond and was paroled to his wife. Included in the record presented is a photostatic copy of the trial docket of Russell county, showing "5/1/44 Defendant in Penitentiary from Ellis County"; that on November 13, 1947, defendant's motion for a discharge because of delay in trial was overruled; that on January 6, 1948, another similar motion was over-

ruled, and "May 3 (1948) Defendant in penitentiary, State ready for trial, 10/6/48 State ready for trial, 5/2/49 State ready."

The record contains the full text of both motions for a discharge. They are that and no more. Neither can be construed as a request for a trial.

In his petition for a writ the petitioner alleges a part of the facts above detailed. The gist of his petition is that upon call of the docket in Russell county at each regular term since January, 1944, the state announced petitioner was in the state penitentiary and the case was continued for the term; that petitioner has not caused any delay nor made any application for a continuance and that the continuances have not been because of want of time to try him but because the state elected not to try him until after the expiration of his time in the state penitentiary; that at all times ever since the filing of the information in the district court of Russell county and the issuance of the warrant, petitioner has been in the exclusive custody of the state of Kansas and in the custody of no other jurisdiction, and that he has been deprived of a speedy trial as guaranteed by section 10 of the bill of rights of the constitution of Kansas.

The response and return of the warden alleges the various convictions of the petitioner and his paroles, and the filing of the information in Russell county charging jail breaking and what happened after the warrant was issued. Attached to the response are photostatic copies of the records and from which the facts above set forth are gleaned. Respondent asks that the petitioner be denied relief.

In a preliminary way it may be said we have here no contention that the prosecution in Russell county was not commenced in time, nor, because of the facts, is there any contention that the statutory provisions for discharge of a prisoner not brought to trial before the end of the second term or third term as the case may be (G. S. 1935, 62-1431 and 62-1432) have application here. The sole question is whether the petitioner has been deprived of a speedy trial as guaranteed by section 10 of the bill of rights of our state constitution, which in effect, provides that in all prosecutions the accused "shall be allowed . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

Both the petitioner and the respondent recognize that the precise

question now presented under the facts of this case has not been treated in our decisions.

In his brief, the petitioner directs our attention to an annotation appearing in 118 A. L. R. 1037 on the constitutional or statutory right of an accused to a speedy trial as affected by his incarceration for another offense, from which it appears that the general rule, followed in a majority of the states, is that under a constitutional provision guaranteeing to an accused a speedy trial the state may not deny such a trial even though the accused is incarcerated in one of the state's own prisons under prior conviction and sentence. We need not discuss that rule for in our opinion it is not controlling here.

The respondent contends the petitioner is not entitled to the writ and directs to our decision in *The State v. Bowman*, 106 Kan. 430, 188 Pac. 242. In that case the primary question was whether the prosecution had been begun in time. At the time the complaint was filed and the warrant issued the accused was in the state penitentiary serving a sentence for another crime. The warrant was not served until the defendant was finally released from the penitentiary. Without reviewing all the facts, or the reasoning of the opinion, it may be said the defendant there contended that, if the sheriff had requested it, the defendant would have been paroled or released to the sheriff for arrest and prosecution, that the evidence disclosed lack of diligence by the sheriff, and that the warrant not having been served within the period of the statute of limitations, the prosecution had not been commenced in time. We are presently interested only in that part of the opinion holding that the sheriff is not authorized to execute a warrant during the time the defendant is confined in the state penitentiary, and such time may not be credited to the defendant in computing the statutory period, as being unnecessary or unreasonable delay in executing the writ; and that the sheriff's duty does not require him to request parole or other release of the defendant from the state penitentiary for arrest and prosecution even if such a request would have availed.

Applying the rule of the Bowman case to the facts of the instant case we find that from about April 19, 1944, to about October 15, 1945, the petitioner was confined in the state penitentiary; that on the latter date he was paroled to the sheriff of Pawnee county for trial and from about November 9, 1945, to May 4, 1949, he was confined in the penitentiary. On the latter date, and at the time

the sheriff of Russell county was about to take him into custody under the warrant issued out of the Russell county district court under date of January 14, 1944, this court made its order as heretofore set forth. The result is that the warrant has never been served upon the petitioner. Just how he has been deprived of a speedy trial does not appear. He was charged with the commission of a felony (G. S. 1935, 21-736) for which he could not be tried unless personally present (G. S. 1935, 62-1411). Although there might possibly be some circumstances under which he could have appeared voluntarily for trial, none such could obtain when he was a prisoner in the state penitentiary. His attendance could be compelled only as the result of a duly issued warrant, duly served upon him (in this case under G. S. 1935, 62-805). Under the facts of the case, there was no time when the state could have produced the accused petitioner in the Russell county district court and proceeded to trial, and it follows that when the state could not try him, because of the defendant's absence, it did not deny him a speedy trial.

The writ prayed for is denied.

PRICE, J., concurs in the result.

SMITH J., (dissenting): I find myself unable to concur in the opinion of the majority. I shall briefly state my views. It seems to me the opinion overlooks the fundamental reason, the provision for a speedy trial is in most, if not all, our constitutions. One of these reasons undoubtedly was that an accused should be tried when the witnesses were readily available. Of course they become unavailable as readily when a defendant is in the penitentiary as when he is in jail or at liberty on bond.

I am not impressed with the conclusions reached in the prevailing opinion, that the Russell county attorney was not authorized to serve the warrant while the man was in the penitentiary. Neither am I impressed with the statement that the sheriff's duty does not require him to request parole or other release of a prisoner for trial even if such a request would have availed. The reasoning upon which the above conclusions were based overlooks the fact that the state conducts a prosecution, the county attorney and the sheriff are simply performing their duty as officers of the state. The state is the plaintiff. This man was in the custody of the state at all times we are considering here. The technical question of whether or not the sheriff could serve the writ on the petitioner in the peni-

tentiary is not entitled under the circumstances to any consideration at all in my opinion. What was the necessity for the serving of a warrant? The man was already in the custody of the state. I note the opinion states in the last paragraph: "Under the facts of the case, there was no time when the state could have produced the accused petitioner in the Russell county district court and proceeded to trial, and it follows that when the state could not try him, because of the defendant's absence, it did not deny him a speedy trial." This statement is not correct. There never was a time when the state could not have produced him. In fact, a few lines above this, the opinion states: "The petitioner was confined in the state penitentiary; that on the latter date he was paroled to the sheriff of Pawnee county for trial and from about November 9, 1945, to May 4, 1949, he was confined in the penitentiary. On the latter date, and at the time the sheriff of Russell county was about to take him into custody under the warrant issued out of the Russell county district court . . ." Just why he could not have been paroled to the sheriff of Russell county at any time after he was first apprehended in 1944, just as he was to the authorities of Pawnee county, does not readily appear. Practically everybody in the law enforcement business in and out of the statehouse knows that the practice has been followed since statehood of taking men out of the penitentiary and trying them for some offense and returning them after the trial.

There is another reason why this writ should be allowed. The theory of our indeterminate sentence law is that a man is incarcerated in the penitentiary and usually through good behavior earns his release in somewhat less time than the original sentence pronounced under the statute. In theory at least we regard the penitentiary as a place of rehabilitation and to try him at the end of his rehabilitation and sentence him again after his first sentence, for which he has been confined, and following which he has been rehabilitated, is to strike at the philosophy of the indeterminate sentence law. The theory is that when he has been paroled from the first sentence he has served his debt to society.

THIELE and WEDELL, JJ., dissent.