No. 44,235

State of Kansas, *Appellee*, v. Wilbur O. Morton a/k/a/ Hugh Barr, *Appellant.*

(436 P. 2d 382)

Opinion filed January 27, 1968.

*Charles M. Cline, Jr.,* of Wichita, argued the cause and was on the briefs for the appellant.

*A. J. Focht,* Assistant County Attorney, argued the cause, and *Robert Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a conviction of robbery in the first degree and a sentence of not less than twenty years or more than forty-two years under the habitual criminal act.

The defendant, on appeal, makes two rather inconsistent contentions—(1) the defendant should have been discharged for want of speedy trial, and (2) the district court of Kansas was without jurisdiction because the defendant was in the constructive custody of the United State District Court for the District of Colorado.

We find no merit in either contention.

The defendant was complained against for first degree robbery

and a warrant was issued from the Court of Common Pleas of Sedgwick County, Kansas, all on January 7, 1963.

On December 28, 1963, the defendant addressed a letter to the "District Attorney," Wichita, Kansas, which letter was received on January 7, 1964, by the county attorney of Sedgwick County, Kansas. The defendant stated that a detainer on the robbery charge had been received on April 1, 1963, and that after eight months of thought he would be "very receptive to entering a plea to this charge." He inquired about possible concurrent sentences and said that he was aware of the expense of a jury trial and was agreeable to avoiding this procedure. He wished to dispose of the matter so that he could avail himself of the rehabilitation program at Leavenworth and he would appreciate any consideration or information about this matter.

In due course the state commenced proceeding for a writ of habeas corpus ad prosequendum authorizing the warden at the Federal prison at Leavenworth to produce the defendant for a preliminary hearing. The writ was obtained and the United States Marshal brought the defendant to Wichita, Kansas. On June 12, 1964, a preliminary hearing was held; defendant was bound over for trial at the next term of court, and an information was filed in the District Court of Sedgwick County, Kansas charging him with first degree robbery. On June 20, 1964, the United States Marshal returned the appellant to the penitentiary at Leavenworth.

On October 20, 1964, the case came on for jury trial, the defendant then commenced finagling the court and its procedure all of which resulted in intentional delay. The defendant expressed dissatisfaction with his court appointed attorney and stated he wanted to represent himself. He next stated he had money and wanted to hire his own attorney. On November 10, 1964, defendant appeared before the trial court and informed it that he had not been able to obtain an attorney to represent him the way he wished. He also informed the trial court that he had not requested a speedy trial but that he wanted his case dismissed because he had not had one. On November 23, 1964, defendant again appeared before the court and stated he had not yet hired an attorney. The case was set for trial on November 30, 1964, and an attorney was appointed to represent him. At that time he appeared with his attorney and requested a further continuance. The case went to trial over his

objection and he was convicted of robbery in the first degree. Defendant has appealed.

Appellant's contention that he was denied a speedy trial is frivolous. It is quite clear that the appellant hoped that if he requested a trial while imprisoned by the federal government the case would be dismissed. When he found that he would be tried by the state he started his stalling tactics. The state never asked for a continuance but did everything possible to bring the appellant to trial.

A defendant who causes the delay is not entitled to the benefit of the provisions of K. S. A. 62-1431 providing for the discharge of a prisoner unless he is brought to trial before the end of the second term. (*State v. Stanley*, 179 Kan. 613, 296 P. 2d 1088.)

Appellant also seeks to apply the provisions of K. S. A. 62-2901 which provides in part that

"(*a*) Any person who is imprisoned in a penal or correctional institution of *this state* may request final disposition of any untried indictment, information or complaint pending against him in this state. . . ." (Emphasis supplied.)

and K. S. A. 62-2903 which provides that within 180 days after receipt of such request (with exceptions) the prisoner shall be brought to trial.

It will suffice to say that the above provisions apply only when imprisonment is in a "penal or correctional institution of *this state.*" It has no application when the imprisonment is by some jurisdiction other than the State of Kansas, not only by the specific provisions of the statute, but because this state would be unable to secure his attendance from the federal government or another state except as a matter of comity. This state could not as a matter of right demand the delivery of the defendant from the United State's penitentiary.

We turn next to the appellant's contention that he was in the constructive custody of the United States District Court for the District of Colorado and therefore the District Court of Sedgwick County, Kansas was without jurisdiction to try him.

It should first be suggested that the appellant was committed by the federal court to the custody of the Attorney General or his authorized representative for imprisonment. The appellee obtained a writ of habeas corpus ad prosequendum, with the consent of the Attorney General, authorizing the warden of the federal prison at Leavenworth, Kansas to present the prisoner for trial in Sedgwick County, Kansas.

The question of whether one jurisdiction should surrender a

prisoner to another for trial or which court should have the custody of an accused for trial is one of comity between the two governments and is not a personal right of the prisoner and may not be raised by him. (*Perry v. Gwartney,* 162 Kan. 607, 178 P. 2d 185.)

See, also, *Wall v. Hudspeth,* 108 F. 2d 865, where it was said:

". . . When the court of one sovereign takes a person into its custody on a criminal charge he remains in the jurisdiction of that sovereign until it has been exhausted, to the exclusion of the courts of the other sovereign. That rule rests upon principles of comity, and it exists between federal and state courts. (Citations omitted.) But either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and in such circumstances the question of jurisdiction and custody is purely one of comity between the two sovereigns, not a personal right of the prisoner which he can assert in a proceeding of this kind. . . ." (p. 866.)

The judgment is affirmed.

APPROVED BY THE COURT.