No. 44,890

Lloyd Evans, *Appellant*, v. Darrell C. Mitchell, County Attorney of Butler County, Kansas; Hobart Auer, Jr., Sheriff of Butler County, Kansas, and The State of Kansas, *Appellees*.

(436 P. 2d 408)

Opinion filed January 27, 1968.

*Ervin E. Grant*, of El Dorado, argued the cause and was on the briefs for the appellant.

*Darrell C. Mitchell*, county attorney, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Harman, C.: In this proceeding appellant, incarcerated in another state, seeks speedy disposition of criminal charges against him in Kansas.

The record reveals the following:

Appellant is confined in the Washington state penitentiary under a fifteen year sentence. Some time after his commitment to that institution a complaint against him alleging the offense of grand larceny was filed in the county court of Butler county, Kansas, and a warrant for his arrest was issued. On March 3, 1966, a copy of this warrant and a detainer for appellant were filed with the penal authorities in Washington. Thereafter appellant filed in the district court of Butler county a petition denominated "Application For The Writ Habeas Corpus Ad Prosequendum" reciting the facts above set forth, and further, that the filing of the detainer warrant blocked his opportunities for clemency or conditional pardon on his Washington sentence and prohibited him from taking part in many rehabilitation programs or from becoming a trusty. He asked speedy trial of the charge against him, or in the alternative its dismissal.

It does not appear that appellant has ever been in the custody of Kansas authorities on the Butler county charge.

The district court of Butler county, after appointing counsel for appellant, held a hearing on the matter on October 3, 1966, and denied the petition and the relief sought.

Neither of present counsel participated in that hearing and we are not advised as to what, if any, evidence was considered, other than an affidavit by appellant as to how his rights in the Washington penitentiary were affected. Appellant's present counsel is court-appointed for the purpose of this appeal, his previous attorney having since been appointed deputy county attorney of Butler county. Appellee Darrell C. Mitchell has assumed the office of county attorney of Butler county since the hearing in the court below.

Under section 10 of the bill of rights of our state constitution every person charged with crime is entitled to a speedy trial. The same right is afforded by the sixth amendment to the federal constitution, now made applicable to the states (*Klopfer v. North Carolina,* 386 U. S. 213, 18 L. ed. 2d 1, 87 S. Ct. 988).

Section 10 of our bill of rights is implemented in part by K. S. A. 62-1431 and 62-1432. These statutes provide time limitations within which a person under indictment or information, whether imprisoned or on bail, must be tried or discharged. Kansas has also enacted the Uniform Mandatory Disposition of (Intrastate) Detainers Act, (K. S. A. 62-2901, *et seq.*) Appellant does not fall within the purview of any of these statutes; he has not been indicted or informed against on the charge in question and he is not imprisoned within this state. Constitutional rights are not, however, to be limited or denied for lack of implementing legislation. Kansas is not a party to any kind of Interstate Agreement on Detainers as developed by the Council of State Governments, although Washington has recently adopted it (Chapter 34, Laws of 1967). Procedural methods for extradition exist in both Kansas (K. S. A. 62-727, *et seq.*) and Washington (RCW 10.88.010), but there is no way Kansas can as a matter of right compel appellant's presence for trial (see *State v. Morton,* 200 Kan. 259, 436 P. 2d 382.)

In *In re Baxter,* 121 Kan. 636, 249 Pac. 610, this court stated:

"The provisions for a speedy trial are made for the benefit of the accused and to protect him against the procrastination or oppression of prosecutors; but important as the right is, it is one which the accused may waive. He is

not entitled to a discharge for a delay occasioned by his own act. . . ." (p. 639.)

In *McCullough v. Hudspeth*, 168 Kan. 39, 210 P. 2d 413, this court dealt with the constitutional right to speedy trial of one incarcerated within the state for another offense. The case arose *prior* to the enactment of our Uniform Mandatory Disposition of Detainers Act. The law is succinctly stated in the syllabus as follows:

"2. That the sheriff's duty does not require him to request parole or other release of a prisoner in the state penitentiary for arrest and prosecution, even if such a request would have availed.

"3. An accused charged with commission of a felony may not be tried unless personally present, and where the accused is confined in the state penitentiary under sentence for a different offense and his presence for trial cannot be compelled, it may not be said that he is deprived of the speedy trial guaranteed to him by section 10 of the bill of rights of the state constitution."

Our present factual situation is analogous.

The principle in *McCullough* was approved in *McCary v. State of Kansas,* 281 F. 2d 185 (10 Cir., 1960), cert. den. 364 U. S. 850, 5 L. ed. 2d 73, 81 S. Ct. 94. We think it should control *a fortiori* where, as here, an accused is incarcerated outside the state. We recognize the practical effect of *McCullough* has since been negated upon policy, as distinguished from constitutional, grounds by the enactment of the Uniform Mandatory Disposition of Detainers Act. This type of legislation is designed not to protect the convict's right to a speedy trial *per se,* but rather to protect him from the particular disabilities engendered by an untried detainer pending against him while he is serving a prison term. (See "Convict's Right to a Speedy Trial," 18 Rutgers Law Review 828, 832 [1963-1964]).

The constitutional principle in *McCullough* remains valid and it is in accord with the rule applied in the majority of the jurisdictions dealing with the subject. In 21 Am. Jur. 2d, Criminal Law, § 250, pp. 285-286, we find this:

"The general rule is that the constitutional right to speedy trial is not violated by any delay occasioned by the fact that defendant is imprisoned in another jurisdiction. This has been put on the ground that the delay involves no laches on the part of the state, since the defendant is beyond the custody and control of the state court, and also on the ground that the delay is attributable to the defendant himself, since it is caused by his own wrongdoing. The rule has been applied where delay in a state trial is caused by the fact that defendant is confined in a federal prison, and vice versa, as well as to the situation where defendant is not available for trial in one state be-

cause he is confined in another. And it has been held to apply whenever the prosecuting sovereign cannot compel the production of the prisoner for trial as a matter of right, notwithstanding the fact that his production as a matter of comity might be possible, or is known to be possible, but only on conditions which the prosecuting state is unwilling to meet. The constitutional right to speedy trial does not, according to this view, impose on state prosecuting officials the duty to make any attempt to obtain custody of a prisoner so he can be tried. On the latter point, however, there is authority to the contrary, on the ground that the constitutional guaranty contemplates that means available to meet its requirements shall be utilized. And it has been held that a defendant who is serving a prison term in one state and has a charge pending against him in another may require the latter state to institute extradition proceedings and, if extradition is granted, try him promptly or dismiss the charge."

The cases of *Commonwealth v. McGrath,* 348 Mass. 748, 205 N. E. 2d 710 (1965), and *People v. Winfrey,* 20 N. Y. 2d 138, 228 N. E. 2d 808 (1967), adhering to the minority view, summarize cases pro and con. See also annotation on the subject at 118 A. L. R. 1037, and A. L. R. Later Case Service.

We believe neither the sixth amendment nor our state counterpart was ever intended to provide relief from the normal consequence of imprisonment for crime in another state.

The United States supreme court has not spoken directly upon the point at issue. However, in *Hoag v. New Jersey,* 356 U. S. 464, 2 L. ed. 2d 913, 78 S. Ct. 829, that court held, among other things, that a defendant in a state prosecution was not deprived of due process because of denial of speedy trial, although tried in 1954 for an offense occurring in 1950, in view of the fact a substantial portion of the time elapsing prior to his trial could be accounted for by his incarceration in another state. An oft-cited case is *Nolan v. United States,* 163 F. 2d 768 (8 Cir., 1947), cert. den. 333 U. S. 846, 92 L. ed. 1130, 68 S. Ct. 649 (1948). The accused Nolan was not tried until four years after federal indictment because he was in a state penitentiary for another offense, the federal government having made no effort to secure his release for trial. When he challenged the validity of his conviction for lack of speedy trial, the court rejected his argument, quoting the applicable rule to be:

"When a person has violated the criminal statutes of two different sovereigns, it is for the interested sovereigns and not the criminal to settle which shall first inflict punishment." (p. 771.)

Appellant here puts little or no stress on the alleged denial of speedy trial *per se* and he voices no concern over the ultimate out-

come of trial; rather the thrust of his complaint seems to be against the penal policies where he is imprisoned.

If, from the standpoint of our state, there be policy, as distinguished from constitutional, considerations for requiring earlier trial or dismissal of charges contained in detainer warrants, then that is a matter for our legislature to act upon, as it has in the case of intrastate detainers.

We hold neither the federal nor state constitutional right to speedy trial is violated where delay is occasioned by an accused being imprisoned in another jurisdiction, and accordingly, no duty, enforceable by an accused, is imposed upon the prosecuting officials of this state to attempt to obtain temporary custody of such an accused so that he can be tried here.

The trial court correctly denied the relief sought and its judgment is affirmed.

APPROVED BY THE COURT.