## STATE, Respondent v. HARRISON, Appellant

### (160 N.W.2d 415)

(File No. 10535.  Opinion filed July 26, 1968)

**Frank L. Farrar,** Atty. Gen., **Donald E. Erickson,** Asst. Atty. Gen., Pierre, **Sam D. Sechser,** State's Atty., Minnehaha County, Sioux Falls, for plaintiff and respondent.

**Carleton R. Hoy,** Sioux Falls, for defendant and appellant.

BIEGELMEIER, Judge.

Defendant Clarence Harrison was found guilty by a jury of forgery in the third degree and appeals from the sentence imposed. Defendant claimed in the trial court and asserts on appeal that he was denied a speedy trial as provided by Art. VI, § 7 of the South Dakota Constitution and the Sixth Amendment to the United States Constitution.

It appears defendant cashed the check dated October 17, 1964, payable to himself at a supermarket, that the name of the maker was a forgery; the check was returned to the supermarket sometime after November 1, 1964. Its manager made an effort to locate defendant at his apartment but neither he nor his wife was there, so he talked to his neighbors and then the police department. He signed the forgery complaint before the Municipal Judge of Sioux Falls on November 12, 1964 and a warrant of arrest was issued the next day. The police officer who assisted the complaining witness advised the State Bureau of Criminal Investigation of the warrant and sent a wanted notice to the Federal Bureau of Investigation, such action being usual procedure. Defendant had left South Dakota about October 19, 1964, and the police department first received notice of his whereabouts when he was apprehended for a similar offense at Kansas City, Missouri, for which he was convicted and sentenced to the Missouri State Penitentiary. Upon his release he was returned to South Dakota in November 1967 to face the forgery charge after unsuccessfully contesting extradition. Defendant bases his claim of denial of speedy trial on the facts that while he was in the county jail awaiting sentence for the Missouri forgery he wrote the Minnehaha County State's Attorney on July 20, 1966, of his situation; that Missouri authorities were considering hospital treatment for him "if there were some way of getting this hold dropped"; that on being sentenced July 26th he again wrote he would appreciate it "if you would drop the hold" otherwise "with a hold, I will never be able to work outside the prison walls. * * * you will never have any cause to regret it, as I will never return to South Dakota". By letter dated the same day the State's Attorney advised defendant "At this time we will not consider dropping the detainer", and suggesting if defendant informed him of his progress, further consideration would then be given. From October 4, 1966 to August 14, 1967 defendant wrote four more letters relative to dropping the detainer giving his wife's illness and claimed reformation as his reasons. On August 17th the State's Attorney advised defendant extradition papers had been prepared. His trial and conviction followed.

Art. VI, § 7, of the South Dakota Constitution provides in "all criminal prosecutions the accused shall have the right  *   *   to a speedy public trial" and Art. VI, of the amendments to the Constitution of the United States is of similar import. The court is thus presented for the first time with the question whether a defendant has been denied this constitutional right when he has left the state, has been convicted of a public offense and confined to a penitentiary in another state.

Defendant cites People v. Winfrey, 1967, 20 N.Y.2d 138, 281 N.Y.S.2d 823, 228 N.E.2d 808, where defendant was incarcerated in an Alabama prison for over five years after committing the New York crime. He moved to dismiss the indictment under sections 667 and 668 of the Code of Criminal Procedure. Section 668 required dismissal of an indictment for failure to bring defendant to trial unless good cause to the contrary be shown. The court's opinion stated as no effort of any kind was made to obtain custody of defendant "the People have failed to establish good cause within the meaning of section 668"; after so concluding it went on to consider and state from a "constitutional aspect, it appears that four and a half years' delay in prosecuting defendant prior to his indictment  *   *   *   deprived him of due process of law". This is referred to as the minority rule in Evans v. Mitchell, infra. Two judges dissented declaring that to require the District Attorney to appeal to the Governor of New York to solicit aid of the Governor of Alabama in having defendant returned to New York for trial was unrealistic.

Courts have come to various conclusions depending on the facts and procedure involved. Some are based on statutes—others on the constitutional speedy trial provision. We mention a few. State ex rel. Fredenberg v. Byrne, 1963, 20 Wis.2d 504, 123 N.W.2d 305, and Pellegrini v. Wolfe, 1955, 225 Ark. 459, 283 S.W.2d 162, both denied petitions to dismiss pending state criminal actions, but directed the state authorities to use means available to return defendants for trial, the former from a federal prison in Minnesota and the latter from a Texas state penitentiary. State v. Lupino, 268 Minn. 344, 129 N.W.2d 294, cert. den. 379

U.S. 978, 85 S.Ct. 681, 13 L.Ed.2d 569, held the statute of limitations was suspended during the time defendant was imprisoned in another state.*

We find it unnecessary to consider our conclusion if a prisoner makes demand for immediate trial or application to an appropriate court for a writ or relief of the tenor mentioned in the cases cited as no such demand or application for relief was made. If defendant had any such right it was one he could waive and by not making such demand he cannot now assert it. This was the "defect" in the prisoner's petition to the Arkansas court which caused it to deny his request to dismiss the action but treating it as a demand, the court granted the relief noted above in Pellegrini v. Wolfe. The court in State v. Clark, supra, also pointed out "Clark did not demand to be tried". This court had occasion to consider the claim of denial of the constitutional right of speedy trial in State v. Violett, 79 S.D. 292, 111 N.W.2d 598, where defendant was committed and held in the State Hospital for the Insane for over four years after the filing of an information against him. The court quoted from an earlier opinion, " 'We think the rule should be that a demand for trial  *  *  *  or some other effort to secure a speedy trial on the part of the accused should be shown to entitle him to a discharge on the ground of delay.'  *  *  *  we adhere to the view that a defendant waives his right to a speedy trial under the constitution and statutes in aid thereof if he does not resist postponement or move to bring his case on for trial."

▇ The United States Supreme Court has not spoken directly upon this issue. See Evans v. Mitchell, supra, and cases therein cited including Nolan v. United States, 8 Cir., 1947, 163 F.2d 768, cert. den. 333 U.S. 846, 68 S.Ct. 649, 92 L.Ed. 1130, wherein the court wrote:

---

* Traxler v. State, 1952, 96 Okl.Cr. 231, 251 P.2d 815 (defendant in Texas state prison); McCary v. State of Kansas, 10 Cir., 1960, 281 F.2d 185, cert. den. 364 U.S. 850, 81 S.Ct. 94, 5 L.Ed.2d 73 (defendant in federal prison in Kansas while Kansas state criminal action pending); Cunningham v. State of Delaware, 1962, 5 Storey 475, 55 Del. 475, 188 A.2d 359 (defendant in Michigan state prison); State v. Clark, 1964, Wyo., 392 P.2d 539 (defendant in Arizona state prison); State v. Jordon, 1968, Or., 436 P.2d 1 (defendant in Washington state prison); Bates v. State of Nevada, 1968, Nev., 436 P.2d 27 (defendant in federal prison) and Evans v. Mitchell, 1968, 200 Kan. 290, 436 P.2d 408 (defendant in Washington state prison, the latter after a rather thorough review of both constitutions), are to the same effect. Additional cases are to be found in annotations in 129 A.L.R. 572 and 57 A.L.R.2d 302; see also 21 Am.Jur.2d, Criminal Law § 250 and 22 C.J.S. Criminal Law § 232.

" 'When a person has violated the criminal statutes of two different sovereigns, it is for the interested sovereigns and not the criminal to settle which shall first inflict punishment.' "

We conclude where delay is caused by defendant's commission of a crime in another jurisdiction and he is convicted and imprisoned therein, such delay is caused by the prisoner's own act and not having made a demand for trial or taken any action to that end, he is not denied a speedy trial under either the South Dakota or United States Constitution.

■ Defendant also claims error in remarks made by the Deputy State's Attorney in his argument to the jury that defendant was not available until the time of trial. Defendant's argument had been pointed to the time elapsed between complaint and trial. The trial judge was of the opinion defendant invited the remark and denied a motion for a new trial which included this claim, and we concur. See State v. Brown, 81 S.D. 195, 132 N.W.2d 840, and State v. Albers, 52 S.D. 582, 219 N.W. 263.

The judgment appealed from is affirmed.

All the Judges concur.