No. 47,253

WENDELL LLOYD TAYLOR, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(519 P. 2d 1398)

Opinion filed March 2, 1974.

*Tom Boone,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Vern Miller,* attorney general, and *Patrick J. Reardon,* county attorney, were on the brief for appellee.

*Per Curiam:* This is an appeal from a K. S. A. 60-1507 proceeding initiated by Wendell Lloyd Taylor, appellant, requesting the district court of Leavenworth County to vacate the judgment and sentence entered against him for escaping from the Kansas State Penitentiary. After an evidentiary hearing, the court denied Taylor's motion. Taylor has duly perfected an appeal.

The pertinent facts occurring prior to appellant's K. S. A. 60-1507 motion are as follows.

In September of 1969 appellant was incarcerated in the Kansas State Penitentiary. On September 27, 1969, the appellant escaped from the institution and fled the state. A complaint was filed on October 1, 1969, in the city court of Leavenworth County, Kansas, alleging appellant's escape from Kansas State Penitentiary. Appellant testified that on October 1, 1969, he was incarcerated in the Ohio Penitentiary, where he remained for a little over a year.

On October 8, 1970, Kansas authorities transported the appellant back to K. S. P. That same day appellant appeared in city court, where he waived a preliminary examination, and a trial was set in the district court. Thereafter, on October 28, 1970, an information was filed in the district court alleging the escape.

On October 30, 1970, after being advised by appointed counsel, the appellant entered a plea of guilty to the charge of escape, and was sentenced.

The appellant argues on appeal the Kansas State Penitentiary authorities were required to inform him of his rights under the Uniform Mandatory Disposition of Detainers Act (K. S. A. 1973 Supp. 22-4301 *et seq.*) during the year from October 1, 1969 (the date the complaint was filed in city court) to October 1, 1970.

The appellant contends since this was not done his sentence should be vacated under K. S. A. 1973 Supp. 22-4301 (c).

The Uniform Mandatory Disposition of Detainers Act only applies to persons "imprisoned in a penal or correctional institution of *this state.*" (K. S. A. 1973 Supp. 22-4301 [a]) (Emphasis added).

We said in *State v. Morton,* 200 Kan. 259, 436 P. 2d 382, cert. den. 393 U. S. 890, 21 L. Ed. 2d 168, 89 S. Ct. 209, reh. den. 393 U. S. 947, 21 L. Ed. 2d 288, 89 S. Ct. 308:

". . . It [Uniform Mandatory Disposition of Detainers Act] has no application when the imprisonment is by some jurisdiction other than the State of Kansas, not only by specific provisions of the statute, but because this state would be unable to secure his attendance from the federal government or another state except as a matter of comity. . . ." (p. 261.)

Clearly, the Uniform Mandatory Disposition of Detainers Act did not apply to appellant during the period from October 1, 1969, to October 8, 1970, when he was absent from any Kansas penal or correctional institution.

The judgment of the lower court is affirmed.