No. 61,898

STATE OF KANSAS, *Appellant,* v. AARON J. NICHOLSON, *Appellee.*
(763 P.2d 616)

Opinion filed October 28, 1988.

*Gene Porter,* county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Joel B. Jackson,* of Great Bend, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State of Kansas, pursuant to K.S.A. 1987 Supp. 22-3602(b)(1), from an order of the district court dismissing a criminal complaint on the grounds the prosecution was not commenced within the period of the statute of limitations. K.S.A. 1987 Supp. 21-3106(3) and (6).

The facts are not in dispute. In its complaint the State alleged that on or about July 20, 1984, Aaron Nicholson obtained or exerted unauthorized control over a twelve-pack of Coors beer from a convenience store in Great Bend. K.S.A. 1987 Supp. 21-3701(a). The State further alleged that the accused fled from the scene in a white Cadillac, committing various traffic infractions. K.S.A. Chapter 8. The complaint was filed July 20, 1984, and an arrest warrant was issued the same day and subsequently delivered to the Barton County Sheriff's Office.

Sometime between July 20 and mid-October, 1984, the appellee was incarcerated at the Kansas State Industrial Reformatory (KSIR) on other charges. The arrest warrant had not been executed prior to his incarceration. Appellee's incarceration at the KSIR resulted from a conviction in another county and at no time between July 20, 1984, and October 10, 1984, did the Barton County authorities have custody of Nicholson. On October 10,

1984, the Barton County Sheriff's Office sent a copy of the pending arrest warrant to the Records Department at the KSIR in Hutchinson. The preprinted form letter read in part:

"Enclosed please find a copy of our warrant on above named subject. If located and you are able to effect an arrest, notify us and we will dispatch an officer. *If already in custody, place as a detainer and advise us when he may be released to our custody.*" (Emphasis added.)

The State contends that on or about October 19, 1984, the appellee was provided standard forms used by the Department of Corrections to notify inmates of detainers as required by K.S.A. 22-4301(b). The appellee does not contest this assertion on appeal, although he apparently did so in the district court. During the appellee's term of incarceration at the KSIR, he made no attempt to assert his right to dispose of the detainer pursuant to the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq.*, and whether that act was complied with by the State is not an issue in this appeal.

In December 1987 and January 1988, apparently while still incarcerated, appellee moved to dismiss the charges and the detainer contending, *inter alia,* that the prosecution had not been commenced within the applicable statute of limitations because of unreasonable delay in executing the warrant originally issued July 20, 1984. Following argument, the district court dismissed the Barton County charges and the detainer, reasoning that the statute of limitations barred the prosecution since it had not been commenced within two years of the date the offenses were allegedly committed. The district court reached its conclusion based upon the fact there was no return in the court file reflecting that the warrant had been executed.

The narrow issue presented is whether, under the facts of this case, the failure to execute the arrest warrant while appellee was incarcerated at the KSIR constitutes unreasonable delay. Determining whether a delay in executing a warrant is unreasonable, when the delay is caused by the incarceration of the defendant in another county or jurisdiction, requires the application and consideration of several statutes.

K.S.A. 1987 Supp. 21-3106(3) provides that a prosecution for the crimes here involved must be commenced within two years of the date of the offenses. Subsection (6) of the same statute reads:

"(6) A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution. *No such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay.* (Emphasis added.)

K.S.A. 22-2305 provides in part:

"(1) The warrant shall be executed by a law enforcement officer. . . .

"(2) The warrant may be executed . . . at any place within the jurisdiction of the state of Kansas.

"(3) The warrant shall be executed by the arrest of the defendant. . . .

. . . .

"(5) The officer executing the warrant shall make return thereof to the magistrate before whom the defendant is brought."

The definitions statute, K.S.A. 1987 Supp. 22-2202, provides:

"(4) 'Arrest' means the taking of a person into custody in order that the person may be forthcoming to answer for the commission of a crime. The giving of a notice to appear is not an arrest."

From the foregoing statutes it is clear that a prosecution is timely commenced if the complaint is filed and a warrant on the complaint is delivered to the sheriff within two years (in the present case) of the offenses charged. K.S.A. 1987 Supp. 21-3106(3), (6). Here, the offenses were alleged to have occurred on July 20, 1984, and a complaint was filed and a warrant issued the same date. The warrant was delivered to the sheriff promptly. Thus the prosecution was commenced timely unless thereafter the warrant was "not executed without unreasonable delay," in which case "no such prosecution shall be deemed to have been commenced." Here, less than three months after the warrant was issued, a detainer was lodged by the Barton County Sheriff against the appellee while he was incarcerated at the KSIR on other charges.

In order for the warrant in the present case to be executed as required by the statutes, the law enforcement officer must arrest the appellee by taking him into custody. Here, the appellee was already in the custody of the secretary of corrections and confined at the KSIR in Reno County. "Custody" is defined as "the restraint of a person pursuant to an arrest or the order of a court or magistrate." K.S.A. 1987 Supp. 22-2202(9). In *State v. Clark*, 222 Kan. 65, 67, 563 P.2d 1028 (1977), the court stated, "A detainer is a hold order or informal demand by one exercising public authority for the possession of a person already in lawful custody."

It is clear that at the time of the hearing in this case, the outstanding warrant had not been "executed" as the appellee had never been arrested and taken into custody on the warrant.

It is generally recognized that a person already in custody cannot be arrested on an outstanding warrant from another county or jurisdiction. See *Hayes v. United States*, 367 F.2d 216, 221 (10th Cir. [Kan.] 1966); *State v. Bowman*, 106 Kan. 430, 435-36, 188 Pac. 242 (1920); 6A C.J.S., Arrest § 5.

In this case, the delay in complying with the statutory requirements for execution of an arrest warrant was not "unreasonable" because it was impractical, if not impossible, to arrest the defendant as long as he was already in custody. While it may have been possible for the Barton County Sheriff to secure the release of the appellee from the custody of the secretary of corrections for purposes of executing the warrant and taking appellee before the magistrate in Barton County, he was under no obligation to do so. Although not cited by either party in their briefs, or oral argument, the issue has been determined in at least two longstanding opinions of this court. In *State v. Bowman*, 106 Kan. 430, the court was faced with a similar set of facts. This court held:

"The statute specifying that time of absence of the defendant from the state, concealment to avoid service of process, and concealment of the fact of crime, shall not be included in computing the period of limitation, relates to the time within which action shall be commenced, and does not forbid exclusion of the time the defendant was in the penitentiary after prosecution was commenced." Syl. ¶ 4.

"A criminal prosecution is commenced when a warrant on which the defendant is arrested is duly issued in good faith and delivered to the sheriff for service. This is true, although there may be subsequent unnecessary delay in executing the writ, but the time such delay continues is included in computing the period of limitation." Syl. ¶ 5.

"The sheriff was not authorized to execute the warrant during the time the defendant was confined in the penitentiary, and such time may not be credited to him, in computing the statutory period, as unnecessary or unreasonable delay in executing the writ." Syl. ¶ 6.

"The sheriff's official duty did not require him to request parole or other release of the defendant from the penitentiary for arrest and prosecution, even if such request would have been availing; and the sheriff is not chargeable with lack of diligence or failure to improve opportunity in executing the writ because he did not make such request." Syl. ¶ 7.

In *McCullough v. Hudspeth*, 168 Kan. 39, 210 P.2d 413 (1949), the defendant contended he had been deprived of his right to a

speedy trial due to delay in serving the warrant occasioned by his incarceration in the state penitentiary. The warrant was timely issued in 1944 but had not been executed in 1949 when the defendant was about to be released. The court relied upon *Bowman* in holding the prosecution had been timely commenced and that the delay in executing the warrant because of the defendant's incarceration did not deny defendant of his right to a speedy trial. Although the statute of limitations was not the issue in *McCullough,* the court recognized the validity and applicability of the rule from *Bowman.*

In the present case, the trial judge reached his decision that the prosecution had not been timely commenced based upon the fact there was no return of the warrant in the court file. Specifically, the judge stated:

"[T]he file does not reflect a return of the warrant. . . . [T]here being no return on the warrant, no return of the warrant in the file, I must conclude that the case has not been commenced because more than two years has elapsed. Therefore, I find that the statute of limitations has lapsed, has run, I should say."

While K.S.A. 22-2305(5) requires the law enforcement officer who *executes* the warrant to make a *return* thereof to the magistrate before whom the defendant is brought, it does not require the return as a necessary condition of proper execution. Likewise, the failure to make a return of the warrant does not invalidate the warrant or have any bearing on whether there has been unreasonable delay in executing the warrant. Although it is the statutory duty of the executing officer to show compliance with the warrant's command by making a return, the appellee cites no authority, and we have found none, for the court's assumption that the failure to comply with that duty because the warrant has not yet been executed results in ineffective execution or constitutes unreasonable delay in the execution of the warrant which would invalidate the commencement of the prosecution.

The decisions in *Bowman* and *McCullough* are controlling in this case. We hold that the delay in the execution of the warrant in this case was not unreasonable when that delay was occasioned by the incarceration of the appellee at the KSIR.

The decision of the district court is reversed and the case is remanded with directions to reinstate the complaint against the appellee.