NOT DESIGNATED FOR PUBLICATION

No. 124,283

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREME L. NELSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed September 2, 2022. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., MALONE and CLINE, JJ.


PER CURIAM: Jereme L. Nelson appeals the revocation of his probation, arguing the State waived its right to revoke because five years passed between the execution of the arrest warrants and the revocation. After a review of the record, we find Nelson did not establish waiver by the State and affirm the district court.

FACTS

In 2015, the Sedgwick County District Court convicted Nelson of selling methamphetamine following a bench trial on stipulated facts. On October 15, 2015, the court sentenced Nelson to 72 months' imprisonment but suspended the sentence and placed Nelson on probation for 36 months.

Over the next year, the State issued several probation violation warrants: one on June 6, 2016, which it executed a few days later; another on July 12, 2016, which was also executed a few days later; a third on August 17, 2016, which was again executed a few days later; and a fourth on September 13, 2016, which was issued but never executed.

Sometime after Nelson bonded out of jail stemming from his arrest on the August 17 warrant, he fled Kansas and failed to appear in court for this case after allegedly killing two people in Harvey County, Kansas. Nelson was arrested in California in January 2017 and transported back to Harvey County. He was booked into Harvey County Jail on January 26, 2017, and the State, through Sedgwick County, lodged a detainer with Harvey County.

Nelson was sentenced in the Harvey County case on February 3, 2020. One month later, on March 3, Nelson was transferred to the Kansas Department of Corrections (KDOC) without the knowledge of the Sedgwick County District Attorney's Office. On May 6, 2020, the State, through Sedgwick County, lodged a detainer with KDOC.

On April 6, 2021, the Sedgwick County District Court ordered Nelson transported to Sedgwick County for a revocation hearing on the four outstanding probation violation warrants. Nelson moved to dismiss the warrants, arguing the State's unreasonable delay

in prosecuting the probation violations violated his due process rights. Nelson asserted the State waived its right to prosecute the violations.

The district court denied Nelson's motion but dismissed the September 13, 2016 warrant because it was never executed. The court found that, because the State promptly executed the three remaining warrants and filed a detainer with Harvey County Jail, the State had done its due diligence and the delay was not unreasonable. The court revoked Nelson's probation and imposed his underlying sentence.

Nelson timely appeals.

ANALYSIS

*Did the district court's revocation of Nelson's probation violate his right to due process?*

Nelson asserts the State's delay in prosecuting his probation violation warrants violated his right to due process because the State impliedly waived its right to prosecution when there was an unduly long delay between the execution of the warrants and the adjudication of his probation violations. The State responds that, by filing a detainer with Harvey County and then the KDOC, it did not waive its right to prosecute Nelson for his probation violations.

*Standard of Review*

"An appellate court considering whether a district court complied with these due process requirements applies an unlimited standard of review. This conclusion results from the overlay of several considerations that are a part of our analysis. First, the question of whether a court has jurisdiction is a question of law. Second, the question of whether there has been a violation of constitutional due process rights also raises a question of law. Finally, a court's subject matter jurisdiction is defined by statute, and the

3

interpretation of a statute is a question of law subject to unlimited review. [Citations omitted.]" *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008).

*Analysis*

Nelson's appeal is governed by the overarching concern that our courts and the State must comply with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Hall*, 287 Kan. at 142-43. The Due Process Clause imposes procedural and substantive requirements when the State deprives someone of liberty, such as by probation revocation. 287 Kan. at 143. One requirement is that a court must have jurisdiction before depriving a person of liberty and, when revoking probation, the court comply with the minimum procedural safeguards set forth in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). *Hall*, 287 Kan. at 143.

In reviewing a claim that an offender's right to due process was violated because the district court lacked jurisdiction, a court's first concern is whether the district court had subject matter jurisdiction. 287 Kan. at 143. Jurisdiction to revoke probation falls under K.S.A. 22-3716(a), which provides that a court may issue an arrest warrant for the violation of probation at any time during probation. Probation revocation may occur after the term of probation expires if a warrant, petition, or show cause order was filed before the expiration of the probation term. 287 Kan. at 143-44.

Even if the State complies with K.S.A. 22-3716, a district court may be deprived of jurisdiction if the alleged probation violator is denied due process. 287 Kan. at 144. Due process requires "'the proceedings were instituted during the term of the probation and the revocation occurs within a reasonable time thereafter.'" 287 Kan. at 144. Whether inaction constitutes unnecessary delay depends on the circumstances of each case. 287 Kan. at 145. A delay is unreasonable where it prejudices the defendant or where there is

an indication the State has waived its right to pursue the violation. *State v. Curtis*, 42 Kan. App. 2d 132, 139, 209 P.3d 753 (2009). Nelson does not claim prejudice.

Waiver may be express or implied. 42 Kan. App. 2d at 142. Nelson alleges the State impliedly waived the violations. "'An implied waiver may arise where a person has pursued such a course of conduct as to evidence an intention to waive a right, or where his conduct is inconsistent with any other intention than to waive it.'" 42 Kan. App. 2d at 142-43. Applied in this context, courts must consider the State's conduct to determine whether such conduct reflects "(1) reasonable diligence in pursuing revocation or (2) unreasonable inaction in pursuing revocation, indicating an implied waiver." 42 Kan. App. 2d at 143.

The leading case on this issue is *Hall*. In *Hall*, the question was whether a six-year delay between the issuance and execution of a probation revocation warrant was unreasonable and constituted a denial of due process, depriving the district court of jurisdiction over Hall, who was imprisoned on unrelated charges. 287 Kan. at 139-40. To resolve the issue, the Kansas Supreme Court determined it needed to answer two questions: "(1) Does the State waive a probation violation if it lodges a detainer but does not conduct a probation revocation hearing while the probationer is imprisoned on an unrelated felony conviction arising in another county" and (2) if not, what standard applies to determine whether the delay violated an alleged probation violator's due process? 287 Kan. at 140.

While the State filed a detainer with the prison officials who had custody of Hall on unrelated charges, it made no effort to execute the warrant while Hall was imprisoned. Instead, the State served the warrant on Hall six years later, just after his release from prison.

In reaching its decision, the Supreme Court considered *State v. Nicholson*, 243 Kan. 747, 763 P.2d 616 (1988), which recognized the general principle that a person in custody cannot be arrested, so a delay in executing a warrant while someone was imprisoned was not unreasonable. *Hall*, 287 Kan. at 147. The court held

> "that if an alleged probation violator is incarcerated as the result of a new felony conviction arising in another county, the State does not waive a probation violation if it lodges a detainer but does not execute a probation violation warrant while the alleged violator is imprisoned on a consecutive sentence." 287 Kan. at 153.

The court did note that even though due process does not demand a probation violation warrant be executed before an alleged violator is released from imprisonment on an unrelated sentence, due process may require an earlier resolution if the alleged violator shows an infringement of a liberty interest. 287 Kan. at 153-54.

Nelson acknowledges *Hall* but relies on a Kansas Court of Appeals case, *Curtis*, which he says is more favorable to him. Curtis asserted the 21-month delay between his arrest in a different case and the revocation of his probation was unreasonable. . The delay occurred because the State was waiting for a ruling on Curtis' motion to suppress in the other case. The panel found no merit to that explanation because the ruling on the motion to suppress was immaterial to a probation violation determination, since the exclusionary rule seldom applies to probation revocation proceedings. 42 Kan. App. 2d at 138.

Curtis raised a waiver argument in his motion to dismiss. The panel noted the differences between *Hall*, where the State exercised reasonable diligence in pursuing revocation by filing a detainer for custody, with *State v. Haines*, 30 Kan. App. 2d 110, 113, 39 P.3d 95 (2002), where a 16-year delay was unreasonable given there was no evidence the State tried to locate Haines during that time. *Curtis*, 42 Kan. App. 2d at 143.

The panel used a modified test from *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), to determine whether the State waived its desire to pursue revocation, analyzing: (1) the length of the delay, (2) the reason for the delay, and (3) the defendant's assertion of his or her due process rights. *Curtis*, 42 Kan. App. 2d at 143-44. None of the factors standing alone is enough to find a violation of due process but are considered together along with any other relevant circumstances. 42 Kan. App. 2d at 144. The panel found the State failed to act in a timely and reasonable manner in pursing the adjudication of Curtis' probation violation, resulting in an implied waiver. 42 Kan. App. 2d at 147.

The facts before us are very similar to *Hall*. In fact, the argument against implied waiver is even stronger here. The State served the probation violation warrants on Nelson before he fled the state, instead of after the service of his prison sentence. And the State filed a detainer with both Harvey County and then with KDOC after learning of Nelson's transfer. The State also pursued the probation violations while Nelson was still serving his Harvey County sentence, unlike in *Hall*, when the service of the warrants and revocation hearing came after the end of Hall's prison sentence.

Unlike in *Curtis*, the State did not unnecessarily wait for a court ruling to proceed; Nelson fled the state after killing two people in another county. Once Nelson was back in Kansas, the State immediately placed a detainer on him. Then, when the State learned Nelson was transferred to prison, it placed a new detainer with KDOC. As *Hall* explains, the State has not waived its interest in probation revocation if it places a detainer on an alleged probation offender and waits for the sentence to be served. 287 Kan. at 153. Under *Hall*, there was no implied waiver, and no violation of Nelson's due process rights.

Even if we apply the *Curtis* test, Nelson would still lose his appeal. First, the length of the delay cuts against him. Though the delay was four years, much of it was spent waiting on finding Nelson in California and then waiting on his Harvey County

case to percolate through the system. That delay is less than the six years in *Hall*. See 287 Kan. at 139.

The second factor, the reason for the delay, cuts strongly against Nelson. Nelson fled the state after allegedly killing two people. The State had a detainer on him while waiting for the Harvey County case to resolve. Then he was transferred without the knowledge of the Sedgwick County District Attorney's Office. Finally, though Nelson overlooks this, much of the delay following his conviction in Harvey County occurred during the COVID-19 pandemic. As the State acknowledged to Nelson's counsel, a transfer to Sedgwick County was unlikely to happen during that time.

While the third factor favors Nelson—he did assert his right by moving to dismiss—overall, the *Curtis* factors weigh against him.

We find the State took the necessary action under *Hall*, and the delay was not unreasonable.

Affirmed.