PELLEGRINI *v.* WOLFE, JUDGE.

4812 283 S. W. 2d 162

Opinion delivered October 31, 1955.

*Heartsill Ragon,* for petitioner.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for respondent.

ED. F. MCFADDIN, Associate Justice. This is a petition for writ of *procedendo ad judicium*[1]; and necessitates consideration of a situation wherein the accused demands a trial in Arkansas even though he is presently incarcerated in another State.

Petitioner Frank E. Pellegrini filed in this Court his petition for a writ of *procedendo ad judicium* against Honorable Paul Wolfe, Judge of the Sebastian Circuit Court in the 12th Judicial Circuit of Arkansas. The duly verified petition alleged: (a) that petitioner was, and had been since November 13, 1953, confined in the Texas Prison System at Huntsville, Texas (serving a 15-year sentence for robbery by assault); (b) that on January 13, 1954 the Prosecuting Attorney of the 12th Judicial Circuit of Arkansas (Honorable Paul Gutenson of Sebastian County) sent a warrant/detainer to the Texas Prison System stating that Pellegrini was accused of robbery committed in Sebastian County, Arkansas on January 11, 1953 and should be delivered to Arkansas authorities[2]; (c) that Pellegrini is anxious for, and en-

---

[1] See *Rodgers* v. *Howard, Judge,* 215 Ark. 43, 219 S. W. 2d 240, wherein we had occasion to consider a writ of *procedendo ad judicium* and our authority to issue such a writ under our power of supervision.

[2] The files reflect that the Texas prison officials then replied that Pellegrini could not be delivered to the Arkansas authorities until conclusion of his sentence, unless the Chief Executive of Texas should order otherwise.

titled to have, a speedy trial in Arkansas on the charge pending against him in Sebastian County; (d) that Pellegrini asked the United States District Court for the Western District of Arkansas to have him extradited to Arkansas for trial in the Sebastian Circuit Court but such relief was refused on the ground that the Arkansas Courts had jurisdiction; (e) that Pellegrini has asked the Sebastian Circuit Court to have him brought to trial in Arkansas for the said offense alleged to have been committed in this State, but the Sebastian Circuit Court has refused his request; (f) that the effect of the warrant/detainer filed by the Arkansas Prosecuting Attorney with the Texas Prison System is to prevent Pellegrini from receiving trusty privileges or parole privileges; and (g) that petitioner is entitled to either a speedy trial on the Arkansas charge,[3] or is entitled to have the warrant/detainer recalled and the Arkansas charge dismissed. The prayer of Pellegrini's petition was for dismissal of the information, or, in the alternative, that this Court require the Judge of the Sebastian Circuit Court to have proper steps taken to bring Pellegrini to trial on the information which the Prosecuting Attorney had filed against Pellegrini in Sebastian County.

Pellegrini filed his own pleading in this Court, and along with the pleading there was a petition and affidavit praying that he be allowed to proceed in *forma pauperis*. We allowed the petititon to be filed and appointed Honorable Heartsill Ragon of the Fort Smith Bar, to represent Pellegrini in this proceeding. Mr. Ragon entered into the discharge of his duties and has filed a brief and a reply brief in this Court, and is hereby commended for the conscientious discharge of his duties. Pellegrini makes the contentions now to be discussed.

I. *Petitioner's Claim for Discharge.* Section 43-1708, Ark. Stats., comes to us from § 169 of Chapter 45 of the Revised Statutes and has been many times before this Court. The section reads:

---

[3] See Art. II, § 10 of the Arkansas Constitution.

"If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner."[4]

Pellegrini says that if the information was in fact filed against him in Sebastian County in 1953 (as he has been advised by the Prosecuting Attorney) then more than two terms of Court have passed since such filing and Pellegrini claims he is entitled to discharge under the above quoted Statute, citing, *inter alia: Stewart v. State,* 13 Ark. 720; *Ware v. State,* 159 Ark. 540, 252 S. W. 934; *Fulton v. State,* 178 Ark. 841, 12 S. W. 2d 777; *Bishop v. State,* 209 Ark. 1013, 193 S. W. 2d 489; *Ponzi v. Fessenden,* 258 U. S. 254, 66 L. Ed. 607, 42 S. Ct. 309, 22 A. L. R. 879.

But the defect in Pellegrini's contention for discharge rests in the fact that he has never pursued the correct procedure to bring himself within that Statute. From the Texas prison he is now trying to say to Arkansas: "I am ready for trial"; yet the fact remains that ever since 1953 he has been beyond the jurisdiction of this State and incarcerated by a Sister State. Even now he is asking Arkansas to use its Sovereign Request to extradite him from Texas in order to stand trial here. In *Fulton v. State,* 178 Ark. 841, 12 S. W. 2d 777, we held that a prisoner in the *Arkansas prison* could invoke the two-term-discharge Statute; but in *Lee v. State,* 185 Ark. 253, 47 S. W. 2d 11, we held that a prisoner in a Federal prison could not avail himself of the two-term-discharge Statute until he had first requested trial in Arkansas and until it was shown that Arkansas could have secured his extradition if request had been made. We used this language:

"Appellant made no effort to demand trial while he was imprisoned in the United States Penitentiary, which

---

[4] This section is sometimes referred to as the "two-term-discharge" Statute; and will be so referred to in this opinion.

he could have done; and the fact that the State could have procured his presence in her court for trial on the indictments and did not do so deprived him of no right he was entitled to; and the court did not err in denying his motion for a discharge from the indictments pending in her court."

The case at bar is governed by the Lee case: Pellegrini is not now entitled to claim relief under the two-term-discharge Statute because he is only now bringing himself within the purview of the Statute.

II. *Duty on Arkansas to Seek Extradition.*[5] In the alternative Pellegrini claims that Arkansas should now seek to extradite him from Texas for trial in this State; and with this contention we are in agreement. As pointed out in *Lee v. State, supra,* Pellegrini has a right to ask Arkansas to bring him here for trial; and since such demand has now been made, the Arkansas Court (in this instance the Sebastian Circuit Court) should require the Prosecuting Attorney (if he desires to try Pellegrini) to seek extradition at the Executive level and to pursue the matter with due diligence.[6]

Arkansas should request Texas to let Arkansas have Pellegrini for trial. If Texas refuses, then Arkansas has done all that is possible, and the two-year-discharge Statute will not inure to the benefit of Pellegrini. If Texas requires, as a condition for granting such extradition, that Pellegrini execute some kind of waiver, then, unless Pellegrini will accomplish such waiver, he has not brought himself within the purview of the Statutory provision

---

[5] Arkansas adopted the then Uniform Criminal Extradition Act in 1935 (Act 126 of 1935, see § 43-3001 Ark. Stats.). Texas adopted a later version of the Uniform Criminal Extradition Act by its Chapter 438 of 1951. See Vernon's Anno. Code of Criminal Procedure, Art. 1008(a). For an Arkansas case considering our Criminal Extradition Act see *Gulley v. Apple,* 213 Ark. 350, 210 S. W. 2d 514. For a case somewhat like the one at bar see *People v. Peters,* 101 N. Y. Supp. 2d 755, in which *certiorari* was denied by U. S. Sup. Ct., 347 U. S. 906, 98 L. Ed. 1064.

[6] Some of the Judges are in doubt as to whether the information filed by the Prosecuting Attorney in the Municipal Court of Fort Smith was ever pursued by being docketed in the Circuit Court. We leave it to the Circuit Court to exercise its power over the Prosecuting Attorney and the Municipal Court in keeping with this opinion.

relating to two-term-discharge. If Texas does agree to the extradition on conditions met, then Arkansas must extradite and try Pellegrini with due diligence or Pellegrini will be entitled to have the charges dismissed and the warrant/detainer cancelled.

The writ of *procedendo ad judicium* is granted, as herein stated.

Mr. Justice ROBINSON dissents.

SAM ROBINSON, Associate Justice, dissenting. I dissent in this case because more than two terms of court have elapsed since the warrant for Pellegrini's arrest was issued and no extradition proceeding calculated to bring him to trial has been instituted. It is my opinion that the Prosecuting Attorney should be directed to withdraw the warrant he has heretofore filed with the superintendent of the Texas Penitentiary for the arrest of Pellegrini because no attempt was made to extradite him within the two terms of court. The warrant in question was obtained from the Municipal Court of Fort Smith on January 20, 1953, and filed with the superintendent of the Texas Penitentiary. The warrant in itself may cause Pellegrini to serve as much as 10 years in the Texas prison that he would not have to serve except for the warrant. Section 12, Article 781b, Texas Criminal Code, provides that a prisoner is eligible for parole after serving one-third of his sentence. But, it is a common practice for prison officials to deny parole where the prisoner, if given clemency, would merely be turned over to another State for trial. In addition, because of the Arkansas warrant for the arrest of Pellegrini, this prisoner will not be allowed privileges he might have otherwise enjoyed. Certainly he would not be made a trusty. This denial of privileges and 10 years additional penal servitude is all brought about merely by the filing of a warrant charging the defendant with an offense for which he is not likely to be tried after 15 years have expired.

No charge has been filed against Pellegrini in the Circuit Court and there has been no indictment returned by a grand jury and no felony information filed by the

Prosecuting Attorney. An information filed in Municipal Court or a Justice of the Peace Court by the Prosecuting Attorney for the purpose of obtaining a warrant for arrest is not a felony information upon which one can be tried in the Circuit Court.

Pellegrini is serving a 15 year sentence in Texas, and due to the warrant from Sebastian County being in the hands of the superintendent of the Texas prison, he will have to serve the entire 15 years. He will not get a parole after serving 5 years — one-third of his sentence. During the 15 years he is serving his sentence in the Texas prison, several prosecuting attorneys will have been elected in Sebastian County and will have completed their terms of office. As heretofore stated, there is no case pending against Pellegrini in the Sebastian Circuit Court. At the end of the 15 years no one is likely to remember the case. At that time, when the Texas officials notify the Sebastian County officials that Pellegrini is to be released and that the Arkansas warrant can be served, then it is very probable that the warrant will be withdrawn. It will be impractical to try him. The case will be stale, witnesses not available or unable to identify the defendant after such a long lapse of years.

We have held that where a prisoner is serving a sentence in the Arkansas Penitentiary, and there is another charge pending against him in a court of this State, he must be brought to trial within two terms of court or the charge must be dismissed. *Fulton* v. *State,* 178 Ark. 841, 12 S. W. 2d 777. Ark. Stats. § 43-1708 provides: "If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner."

Of course, the Arkansas officials may not be able to obtain custody of a prisoner serving a sentence in a

sister State, but there is no good reason why an effort should not be made within two terms of court to bring him to trial by the institution of extradition proceedings. It is a policy of the federal government to cooperate with the States and permit federal prisoners to be tried on charges pending against them in the State courts while they are still federal prisoners. *Ponzi* v. *Fessenden*, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607. There is no reason why the several States should not also cooperate.

Filing a warrant with a superintendent of a prison, where the prisoner for whom the warrant has been issued has not been charged by a grand jury indictment and where no felony information has been filed by the prosecuting attorney in a court of record, is a vicious practice and should not be tolerated. In many instances, men are serving sentences in penal institutions where there is a warrant from another State pending against them, and they do not even know of the existence of such a warrant. Even if they are informed of the warrant, they usually have no idea of their rights in the matter and are helpless and unable to do anything about it. Pellegrini's initiative is certainly unusual, as proven by the fact that his is the first petition of its kind to be filed in this court.