[Crim. No. 9726.   In Bank.   Apr. 12, 1966.]

In re JAMES W. SATTERFIELD on Habeas Corpus.

420

James W. Satterfield, in pro. per., and Saul M. Weingarten, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Jackson L. Smith, Deputy Attorneys General, for Respondent.

MOSK, J.—The parties agree that petitioner should be transferred to a Florida penal institution in order to serve his California sentence concurrently with a prior Florida sentence. The only question to be decided in this proceeding is whether the transfer may be conditioned upon defendant's advance waiver of extradition in the event California seeks his return at the time of his release in Florida. Under authority of *In re Patterson, ante,* p. 357 [49 Cal.Rptr. 801, 411 P.2d 897], we conclude that such a condition may not be imposed.

In January 1959 petitioner was convicted of forgery in Florida. He was released on parole in April 1963 and subsequently came to California. In December 1964 he was convicted of forgery in the San Francisco superior court. The judgment specified that the sentence was to be served concurrently with any prior incompleted sentences. Before the entry of this judgment, the State of Florida had revoked peti-

tioner's parole and had issued a warrant for his arrest.

The People concede that petitioner should be transferred to Florida so that he may serve his California and Florida sen-. tences concurrently. (Pen. Code, § 669; *In re Stoliker* (1957) 49 Cal.2d 75 [315 P.2d 12].) However, they request this court to require that prior to his transfer he execute a waiver of any rights which he would otherwise have to extradition proceedings in the event his California sentence is not fully satisfied at the time of his release in Florida and California therefore requests his return. It is suggested that unless such a waiver is executed by petitioner, California will be unable to secure petitioner's return at that time since the transfer to Florida will be deemed a waiver by this state of further jurisdiction over him.

*In re Whittington* (1917) 34 Cal.App. 344 [167 P. 404], held that a state which transfers a prisoner to the custody of another sovereign impliedly waives further jurisdiction over him. *In re Patterson, supra, ante,* p. 357 [49 Cal.Rptr. 801, 411 P.2d 897], specifically disapproves of the holding in *Whittington* that a waiver of jurisdiction is automatically implied in all cases, and holds that the state shall not be deemed to have waived jurisdiction unless affirmative evidence demonstrates that there was an intentional waiver. ■ In the present case, as in *Patterson,* nothing in the record or in Penal Code section 669 indicates an intent to commute that portion of the California sentence which may remain to be served at the time petitioner is released in Florida; the sole purpose of the transfer is to enable petitioner to serve his sentences concurrently. To automatically imply a waiver of jurisdiction in such circumstances is contrary to the policy of Penal Code section 1555.2, which provides that the extradition of a person to another state shall not be deemed a waiver of jurisdiction. This section of the Penal Code is a part of the Uniform Criminal Extradition Act and has also been adopted by Florida. (Fla. Stats., tit. 45, § 941.27.)

The Attorney General contends that even if the return of petitioner may be secured by normal extradition proceedings, he should be required to execute a waiver in order to avoid the expense of such proceedings. ■ However, as is more fully discussed in *Patterson,* section 25-A of the Uniform Criminal Extradition Act specifies that a waiver of extradition be executed before a court of the asylum state. This section has been enacted by both California and Florida (Cal. Pen. Code, § 1555.1; Fla. Stats., tit. 45, § 941.26), and therefore a waiver

executed prior to petitioner's transfer to Florida would be of no effect under the law of either state. The policy reflected in this provision is sound, for a prior waiver of extradition might prevent petitioner from raising legitimate objections to the demand for his return to this state which are unforeseeable at this time. It would be inequitable to require him to waive such objections in advance if the purpose in doing so were merely to avoid an extradition proceeding. ■ Moreover, the Attorney General concedes that petitioner is entitled as a matter of law to be transferred to Florida, and we should not impose a condition upon recognition of a statutory right. It should also be noted that the requested waiver is of petitioner's right to proceedings in Florida, and even if a prior waiver of jurisdiction were permitted by the laws of California, Florida would not be compelled to give effect to such a waiver.

The writ of habeas corpus is granted for the purpose of transferring petitioner to the custody of an authorized representative of the State of Florida in order that he may serve any incompleted sentences previously imposed by that state. The Director of Corrections is ordered to notify the appropriate authorities of the State of Florida that they may take custody of petitioner, and if custody is so taken, the Director of Corrections shall designate a penal institution of that state as the place of confinement for the purpose of execution of the California judgment of conviction. ■ If, after notification, the authorities of the State of Florida decline to take custody of petitioner, or if they consent to credit petitioner with time served in California penal institutions in execution of the prior Florida sentence, the order shall be deemed to have been fully executed. In all other respects, the writ is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.