Breitel, J.
Defendant appeals from an order of the Appellate Division reversing an order of the County Court dismissing a criminal action for lack of prosecution.
The issue presented is whether defendant has been denied due process in the delayed prosecution of the charges against him for forgery in the second degree and petit larceny. The issue is distinguishable from the right to a speedy indictment after initiation of prosecution and to a speedy trial after indictment.
Defendant moved under sections 667 and 668 of the Code of Criminal Procedure in the County Court of Nassau County (Oppida, J.) to dismiss the indictment. The motion was granted *140 under section 668 in an opinion, but on appeal the Appellate Division, Second Department (in a Per Curiam memorandum), unanimously reversed the County Court.
■ The right to a speedy trial is established in New York by statute (Civil Eights Law, § 12; Code Crim. Pro., § 8, subd. 1; People v. Prosser, 309 N. Y. 353). Moreover, the United States Supreme Court has held this term that the Sixth Amendment guarantee of a speedy trial is applicable to the States (Klopfer v. North Carolina, 386 U. S. 213).
The facts are not in dispute. In April, 1958 defendant allegedly committed the crimes charged, and a warrant for his arrest was issued that month. In June, 1958 defendant was incarcerated in Kilby State Prison, Alabama, as a probation violator, he having been previously convicted in Alabama of- burglary and given a suspended sentence. A detainer warrant was filed by the Nassau County District Attorney with the authorities at Kilby State Prison in July, 1958, but no effort was made to obtain his presence in New York. Five years later, an indictment, alleging two counts of forgery in the second degree and one count of petit larceny, was handed down by .the Nassau County Grand Jury in January, 1963. In September, 1963 the Nassau County Police Department was notified by the Alabama authorities that defendant would be released. the following month. In October, 1963 defendant, after first refusing to do so, waived extradition and was returned to New York.
' The motion; under review was made in January, 1964, and was clecided by the County Court in August, 1964. The order of reversal by the Appellate Division was not entered until July, 1966.
Section 668 of the Code of Criminal Procedure establishes a procedure to- dismiss indictments for lack of prompt prosecution “ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the' indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.” Section 667- establishes a comparable procedure for dismissing prosecutions for delay in indictment. It has been held that these two sections are mutually exclusive; hence, a delay after prosecution is initiated but prior to indict *141 ment is nullified by return of the indictment and that no section 667 motion may be entertained thereafter (People v. Saccenti, 14 N Y 2d 1, cert. den. 379 U. S. 854; People v. Pearsall, 6 Misc 2d 40). The continued vitality of this rule, however, may be questioned in the light of the Klopfer decision (supra) (but cf. Nickens v. United States, 323 F. 2d 808, 809-810 [D. C. Cir.], cert. den. 379 U. S. S05, indicating that delay prior to indictment is not a denial of a speedy trial but may be a deprivation of due process of law).
The People offer as justification for the postindictment delay the fact that defendant was imprisoned in Alabama for a nine-month period after the New York. indictment. However, the Nassau County authorities failed to take any steps to secure the release of defendant and his return to New York for trial, either before or after the indictment in New York. The Appellate Division concluded, nevertheless, that no such action was required because ‘ ‘ Much of this time would have passed * * * in the necessary administrative procedures ” and “ there was no reason to believe it would succeed ” particularly in view of the fact that ‘ ‘ the Alabama authorities had already demonstrated their intent to keep the prisoner”. However, there is no support in the record for the court’s conclusion that the administrative process would have been time consuming or even that Alabama had evidenced any intent to treat a request for extradition unfavorably.*
It is settled that delay in bringing a defendant to trial after indictment is not excused because the defendant is a prisoner elsewhere in New York (People v. Masselli, 11 A D 2d 722; People v. Goldman, 24 Misc 2d 497; People v. Exter, 4 Misc 2d 651; cf. People ex rel. Harty v. Fay, 10 N Y 2d 374). Similarly, it is now familiar law that a postindictment delay is not justified solely because the defendant is a Federal prisoner (People v. Piscitello, 7 N Y 2d 387; People v. Newcombe, 18 A D 2d 1087; People v. Peters, 16 A D 2d 171, revg. 198 Misc. 956). The rationale for this rule is that a procedure exists for securing the release of a Federal prisoner for trial on State charges *142 (People v. Piscitello, 7 N Y 2d 387, 389, supra). A Federal statute (U. S. Code, tit. 18, § 4085) provides that the executive authority of a State may request the transfer of a Federal prisoner to the State for prosecution or punishment, and that the Attorney General of the United States “shall” transfer the prisoner “ if he finds it in the public interest to do so ”. The Piscitello rule has since been adopted in other jurisdictions (Commonwealth v. McGrath, 348 Mass. 748, 752; Richardson v. Idaho, 35 U. S. Law Week 2664 [Idaho Sup. Ct., April 21, 1967]; State v. Kostura, 98 Ariz. 186, 189).
The People argue that there is no comparable Alabama statute, and that, therefore, a request for release of defendant before his sentence was completed would have had a dubious result. Much reliance is placed on the fact that Alabama is not a party to the uniform Agreement on Detainers, providing for automatic release of prisoners for prosecution in another State (Code Grim. Pro., § 669-b). This argument, however, overlooks the fact that Alabama, like New York (Code C'rim. Pro., §§ 832, 848), makes provision for transfer of defendants to other States in the discretion of the Governor (Ala. Code, tit. 15, § 66). Moreover, it is likely that all State Governors have discretionary power to release prisoners upon the request of another sovereign (see People v. Quiller, 47 Misc 2d 810, 814^815).
Substantial legal distinction cannot be drawn between the power vested in'the Attorney General of the United States by Federal statute (U. S. Code, tit. 18, § 4085) and the discretion enjoyed by the Governor of Alabama pursuant to the law of that State. An argument can, of course, be made that a State executive is less likely to co-operate with authorities in other States than is the Federal Government. It would be extremely difficult, however, to verbalize such pragmatic distinctions in terms of a rule of law. It is, moreover, a relatively simple matter to request the Governor of a sister State to turn over a prisoner; and there is no contention that if such a request is made and rejected a delay in bringing the prisoner to trial in New York occasioned by his foreign imprisonment would be unreasonable. The point is that in this case no effort of any kind was made; consequently, the People have failed to establish good cause within the meaning of section 668.
*143 Other States that have considered the problem have arrived at conflicting results. Delaware and Oklahoma courts have held that the State is under no duty to request the release of a sister State prisoner, and delay in trial occasioned by his imprisonment in the sister State is excusable (Cunningham v. State, 188 A 2d 359, 360 [Del.]; Traxler v. State, 96 Okla. Crim. 231, 236). Arkansas has reached a contrary result (Pellegrini v. Wolfe, 225 Ark. 459, 463), although it adopts the rule that discharge of the prosecution is not warranted where the defendant did nothing to bring himself to trial (id. pp. 462-463). (In New York, it has been held that it is not necessary for the prisoner to attempt to secure an early trial [People v. Prosser, 309 N. Y. 353, 357-358, supra], but a procedure now exists whereby he may do so, if he is imprisoned in New York [Code Grim. Pro., § 669-a].) It has been held in Illinois that imprisonment in a sister State does not justify a delay in trial, at least where the imprisoning State is a party to the Uniform Criminal Extradition Act (People v. Bryarly, 23 Ill. 2d 313 [per Schaefer, J. ]). (But cf. United States v. Santos, 372 F. 2d 177 [2d Cir.], involving the Federal rules and a period of but two years of claimed delay.)
From a constitutional aspect, it appears that the four and a half years’ delay in prosecuting defendant prior to his indictment, but after the initiation of criminal proceedings, deprived him of due process of law. Prior to the Klopfer decision (supra) it was established that a State denies a defendant due process of law if it unreasonably delays his prosecution, after the initiation of criminal proceedings (see People v. Wilson, 8 N Y 2d 391, 395; United States ex rel. Von Cseh v. Fay, 313 F. 2d 620, 623 [2d Cir.]; cf. Ross v. United States, 349 F. 2d 210 [D. C. Cir.]; Nickens v. United States, 323 F. 2d 808, 810 n. 2 [D. C. Cir.], cert. den. 379 U. S. 905, supra). It may be that this doctrine has now been incorporated in the ‘ ‘ speedy trial ’ ’ guarantee of the Sixth Amendment pursuant to the Klopfer rule; but it is only of limited analytical importance whether the right is one of a “ speedy trial ” or of “ due process of law ”. In either event, this delay of four and a half years, which is unjustified and is explained only by defendant’s imprisonment in Alabama, is unreasonable, since no effort was made to secure *144 defendant’s release or transfer. The unreasonableness of the delay is particularly impressive in the light of the relatively minor character of the crimes with which defendant is charged (forgery associated with a petty larceny), especially since it is now nine years since those alleged crimes were committed.
This analysis, based as it is on constitutional concepts of due process, overrides the narrower procedural aspects of sections 667 and 668 of the Code of Criminal Procedure. Section 667 mandates speedy indictment, after “ a person has been held to answer for a crime ”, but under the rule in the Saccenti case (supra) delay is cured by the return of an indictment prior to determination of the motion. Section 668 mandates a speedy trial after indictment. Neither section, therefore, is applicable to the problem involved in this case. Instead, the failure here is to prosecute by whatever further proceedings are indicated after the initiation of criminal proceedings.
Merely mechanical distinctions are not involved. There is no proper criminological purpose served in holding several prosecutions over a defendant’s head. Neither correction nor deterrence is thus served, especially when the prosecutions withheld are for crimes of much lesser degree than those for which the defendant has been serving time. Moreover, there is staleness in a nine-year-old charge of crime with all the consequences of difficulties of proof from the side of the defendant as well as the prosecution. To be sure, the People have the untrammeled power to institute a prosecution any time within the limitations period — at least five years in the case of this felony — but once having instituted the prosecution by detainer warrant, indictment or other initiatory process, they have the obligation of advancing it unless there is a reasonable ground for delay. Refusal by another jurisdiction to surrender the defendant would, of course, be an excuse. All that the People would have to do is make the request, sincerely, for the surrender — a letter would do.
Of. course, the People are always free on a motion of this kind to show reasons why the prosecution was not advanced other than the fact that defendant is imprisoned in another jurisdiction. But in this case the People rely only on the Alabama imprisonment.
Accordingly, the order of the Appellate Division should be reversed, and the motion to dismiss granted.

 The People’s brief states, and the Appellate Division repeats, that defendant’s ultimate release from imprisonment in Alabama was delayed because of the imposition of an additional sentence for attempted escape, but the record does not substantiate this assertion.