**Richard H. HARRIS, Petitioner,**

v.

**DISTRICT COURT OF OKLAHOMA COUN-TY, State of Oklahoma, Respondent.**

**No. A–15282.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1969.

Richard H. Harris, pro se.

Curtis H. Harris, Dist. Atty., James R. McKinney, Asst. Dist. Atty., for respondent.

PER CURIAM:

This is an original proceeding in which Richard H. Harris has petitioned this Court for a Writ of Mandamus to direct the District Court of Oklahoma County, State of Oklahoma, to dismiss charges pending against petitioner on the ground that he has been denied a speedy trial.

In January, 1964, an Information was filed in the District Court of Oklahoma County, charging petitioner with the crime of burglary in the second degree. It appears that in that same month petitioner was arrested in the State of Arizona and has since that time been incarcerated outside the State of Oklahoma. Petitioner is presently confined in the Nevada State Penitentiary. It is the respondent's contention that although the State has the obligation under the United States Supreme Court decision in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, and this Court's

decision in Naugle v. Freeman, Okl.Cr., 450 P.2d 904 (1969), to seek temporary custody of a federal prisoner outside of Oklahoma for the purpose of a speedy trial on charges pending in Oklahoma, it has no obligation to seek custody for the purposes of the trial where the accused is confined at a penal institution of a sister state. This contention is without merit.

On the same day that this Court decided Naugle v. Freeman, supra, it handed down Thompson v. State, Okl.Cr., 450 P.2d 908 (1969), in which this Court held in its syllabus as follows:

"Where criminal charges have been filed in an Oklahoma court, the accused's right to a speedy trial is not suspended or defeated by his present custody outside of Oklahoma in another state penal institution; and the District Attorney has a constitutional duty to make a diligent, good faith effort to bring the accused before an Oklahoma court for trial." 450 P.2d at 908.

We would also note the holding in Pitts v. North Carolina, 395 F.2d 182 (4 Cir. 1968), as follows:

"Similarly, in cases involving sister states, courts have found it constitutionally necessary for prosecutors to make reasonable efforts to extradite for speedy trial prisoners held in another state." 395 F.2d at 186.

 It is thus apparent that the District Attorney for Oklahoma County has a constitutional duty to make a diligent, good faith effort to seek temporary custody of the petitioner in order to afford him a speedy trial on the charge now pending against him in that county.

However, it is the opinion of this Court that where the State of Oklahoma has not brought to trial an accused because he is in custody outside the State of Oklahoma, the proper relief is for the prosecuting authorities to seek immediate temporary custody from the confining jurisdiction in order to afford the accused a speedy trial on any pending charges in Oklahoma. Furthermore, it is this Court's position that where

the prosecuting authorities are willing to seek temporary custody, the accused is not entitled to have the pending charges dismissed. Such was the holding of this Court in Application of Naugle (No. A–15,-280) and Application of Gibbs (No. A–15,-346), Okl.Cr., 457 P.2d 823 (1969), decided July 25, 1969.

 Therefore, assuming that the prosecuting authorities are willing to seek temporary custody of the petitioner, we find that the pending charge should not be dismissed. Of course, the failure of Oklahoma County officials to make a diligent, good faith effort to secure the presence of the petitioner within a reasonable time would be grounds to dismiss the pending charge.

This application was referred to Court Referee, Mr. Penn Lerblance, and his findings and conclusions of law set forth herein, after careful consideration, have been adopted by the Court.

Writ denied.