James Ray RENTON, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. A–15515.

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1970.

James Ray Renton, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding filed pro se by petitioner, James Ray Renton, for a writ of mandamus to direct the District Court of Oklahoma County to initiate extradition proceedings for petitioner's return to stand trial on a charge of Robbery with Firearms, Case No. CRF–69–1069, pending in said court, or direct that the detainer against him at the Texas Department of Corrections be dismissed. Petitioner is presently serving two eleven-year terms in the custody of the Texas Department of Corrections where a detainer has been lodged by Oklahoma County authorities by virtue of the above charge. Both petitioner and the Oklahoma County District Attorney made application to the district court for a writ of habeas corpus ad prosequendum, and such a writ was issued on May 14, 1969, directing that petitioner be released to the Oklahoma County Sheriff. The Texas Department of Corrections officials notified Oklahoma County authorities that petitioner could only be released through formal extradition proceedings as an order by an Oklahoma state court was insufficient. The Attorney General in response contends, without citing authorities, that Oklahoma has fulfilled its obligation in making a diligent, good faith effort to obtain custody of petitioner for trial and therefore has not denied petitioner his right to a speedy trial.

In Smith v. Hooey, 393 U.S. 374, 89 S. Ct. 575, 21 L.Ed.2d 607 (1969), the United States Supreme Court in a unanimous opinion held that incarceration outside a state's jurisdiction did not defeat his right to a speedy trial and ruled that "upon the petitioner's demand, [the state] had a constitutional duty to make a diligent, good faith effort to bring him before * * * the court for trial." The court reasoned that whatever accuracy there may have been to the theory that a court could not compel attendance outside its jurisdic-

tion, "increased cooperation between the States themselves and between the States and Federal governments has largely deprived it of any continuing validity in the criminal law." 393 U.S., at 382, 89 S.Ct., at 579.

In Thompson v. State, Okl.Cr., 450 P.2d 908 (1969), this court held:

"Where criminal charges have been filed in an Oklahoma court, the accused's right to a speedy trial is not suspended or defeated by his present custody outside of Oklahoma in another state penal institution; and the District Attorney has a constitutional duty to make a diligent, good faith effort to bring the accused before an Oklahoma court for trial." 450 P.2d at 908.

Although habeas corpus ad prosequendum is the usual and successful method to obtain custody of a federal inmate for trial on state charges, there are other methods to obtain custody of one confined outside the state. In Pitts v. North Carolina, 395 F.2d 182 (4th Cir., 1968), the United States Court of Appeals observed that:

"Similarly, in cases involving sister states, courts have found it constitutionally necessary for prosecutors to make reasonable efforts *to extradite* for speedy trial prisoners held in another state. See, e. g., Pellegrini v. Wolfe, 225 Ark. 459, 283 S.W.2d 162 (1955); People v. Bryarly, 23 Ill.2d 313, 178 N.E.2d 326 (1961); People v. Winfrey, 20 N.Y. 2d 138, 281 N.Y.S.2d 823, 228 N.E.2d 808 (1967)." 395 F.2d at 186. (emphasis added)

Extradition is a very logical and effective method to secure custody of one outside the state's jurisdiction and the Uniform Extradition Act has now been enacted in most of the states.[1] Title 22 O.S. 1961, § 1141.5, provides:

"When it is desired to have returned to this State a person charged in this

---

1. The Uniform Extradition Act has been enacted in all the states except Alaska, Connecticut, Kentucky, Louisiana, Mississippi, Nevada, North Dakota, South Carolina and Washington.

State with a crime, and such person is imprisoned or is held under criminal proceedings then pending against him in another state, the Governor of this State may agree with the Executive Authority of such other state for the extradition of such person before the conclusion of such proceedings or his term of sentence in such other state, upon condition that such person be returned to such other state at the expense of this State as soon as the prosecution in this State is terminated.

"The Governor of this State may also surrender on demand of the Executive Authority of any other state any person in this State who is charged in the manner provided in Section 23 of this Act with having violated the laws of the state whose Executive Authority is making the demand, even though such person left the demanding state involuntarily. Laws 1949, p. 207, § 5."

The State of Texas has enacted the identical statute, Art. 51.13, Section 5, Texas Code of Criminal Procedure, Vernon's Ann.

Recently, the Supreme Court of Colorado in applying the requirements of Smith v. Hooey, supra, held that the Colorado prosecutor must seek to "extradite" a California prisoner for speedy trial in Colorado. Rudisill v. District Court, 453 P.2d 598 (Colo.1969).

It is thus apparent that the prosecuting authorities have not made a "diligent" effort to bring an accused from a sister state for trial in Oklahoma until they have attempted to extradite him as provided by statute. Accordingly, it is necessary for Oklahoma prosecutors to seek extradition of accused from another state to grant a speedy trial or the pending charge must be dismissed. If the state should fail to institute extradition proceedings within a reasonable time, the pending charge would be subject to dismissal upon application of the petitioner. Writ denied.