**Ralph THOMPSON, Petitioner,**

**v.**

**STATE of Oklahoma, District Court of Marshall County, Respondents.**

**No. A–16100.**

Court of Criminal Appeals of Oklahoma.

March 3, 1971.

Ralph Thompson, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Judge:

This is an original proceeding for writ of mandamus in which the petitioner seeks dismissal of a pending criminal charge in the District Court of Marshall County, Case No. 1800, and removal of the resulting detainer against him at the Arizona State Prison.

Petitioner previously requested relief from this Court in Case No. A–14,849. As a result of that proceeding, this Court in an opinion issued February 12, 1969, directed the District Attorney for Marshall County to "at once seek temporary custody of petitioner" in order to bring him to trial on the pending charge and that upon failure to do so within a reasonable time, the district court was to dismiss the pending cause and to so notify the Arizona penal officials. Thompson v. State, Okl.Cr., 450 P.2d 908 (1969).

It then appears the district attorney on February 17, 1969, sent a form to the petitioner to fill out waiving extradition. These papers were presented to the petitioner at the Arizona Prison where he declined to execute the waiver without benefit of counsel, legal advice, or instructions as to significance of his act. Upon learning that the petitioner failed to execute the waiver of extradition, the district attorney took no further action.

The petitioner then filed in the District Court of Marshall County, a Motion to Dismiss the pending charge. The district court denied the motion in an order dated October 13, 1969, noting that the petitioner was not in attendance although he had been notified. Petitioner was not represented by counsel and there is no indication how petitioner was to make himself available.

The instant application was filed on May 12, 1970, alleging that the district attorney had not made "diligent, good faith effort," to bring accused before the court for trial which required dismissal of the charge. On May 22, 1970, the district attorney notified this Court that the State would seek to extradite the petitioner. On January 7, 1971, the Attorney General filed a response contending that the petitioner's failure to waive extradition constituted a waiver of petitioner's right to a speedy trial. The State has not initiated extradition proceedings.

The United States Supreme Court in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), held that a criminal accused had a right to a speedy trial on a pending criminal charge even though he was incarcerated in a penal institution. In Harris v. District Court, Okl.Cr., 462 P.2d 315 (1969), this Court held that this right extended to "an accused confined to a sister state's penal institution." In Renton v. State, Okl.Cr., 480 P.2d 624, this Court held:

"[I]t is necessary for Oklahoma prosecutors to seek extradition of accused from another state to grant a speedy trial or

the pending charge must be dismissed. If the state should fail to institute extradition proceedings within a reasonable time, the pending charge would be subject to dismissal upon application of the petitioner."

Although there is some appealing logic in the State's position that an accused should be willing to waive extradition in order to facilitate his right of a speedy trial, we are unable to hold that an accused must waive one legal right before he can exercise another right. The courts "will not put a price tag upon constitutional rights." Smith v. Hooey, supra. If a procedure would "chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it would be patently unconstitutional." United States v. Jackson, 390 U.S. 570, at 581, 88 S.Ct. 1209, at 1216, 20 L.Ed.2d 138. To require a criminal accused to forfeit his right to extradition proceedings before he can successfully urge his right to a speedy trial forces a choice between rights and penalizes the full exercise of legal rights.

The American Bar Association's Minimum Standards of Criminal Justice on Speedy Trials in Section 3.1(d) provides:

" * * * the prisoner shall be made available to that prosecuting attorney (subject to, in cases of interjudicial transfer, to the traditional right of the executive to refuse transfer and the right of the prisoner to contest the legality of his delivery)."

Extradition proceedings serve a purpose independent from the right to a speedy trial. There may be good reason for an extradition proceeding as where the accused may be able to prove that he was not present in the demanding state at the time of the commission of the alleged crime. An accused should not be required to forfeit a good cause against extradition in order to seek a speedy trial, or dismissal of a detainer. California has reached the same conclusion. In re Patterson, 64 Cal.2d 357, 49 Cal.Rptr. 801, 411 P.2d 897; In re Sat-

terfield, 64 Cal.2d 419, 50 Cal.Rptr. 284, 412 P.2d 540.

Furthermore, 22 O.S.1961, § 1141.25, provides accused may waive extradition by executing a written instrument "in the presence of a judge" and it is "the duty of such judge to inform such person of his rights." This policy is sound as the accused is in no position to know the legal significance of his act. Waiver of extradition in the instant case was sought without this protection and without the benefit of legal counsel.

 We, therefore, hold that a criminal accused confined in a penal institution outside Oklahoma need not waive his right to extradition in order to request a speedy trial on a pending criminal charge in Oklahoma. The accused's refusal to execute an extradition waiver does not obviate the obligation of the prosecuting authorities to seek custody through extradition. Since the State of Oklahoma has made no effort to extradite the petitioner, we hold that the pending charge in the District Court of Marshall County, Case No. 1800, should be dismissed with prejudice. The District Court is directed to do so, and to instruct the Arizona penal officials of such dismissal.

Writ granted.

BRETT, J., concurs.

BUSSEY, P. J. (specially concurring):

I concur with the decision for the reason that when the petitioner refused to waive extradition, it then became incumbent upon the District Attorney to institute either extradition proceedings or a writ of habeas corpus-ad prosequendum. In the event that this effort had been bonifidely made and refused, then the prisoner still could be prosecuted when found within the jurisdiction. The prosecutor's decision that he will now attempt proper extradition proceedings or a writ of habeas corpus-ad prosequendum, comes too late.