510 P.2d 1085

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Robert Alan HARVEY, Defendant-Appellant.**

**No. 1001.**

Court of Appeals of New Mexico.

May 23, 1973.

Robert Alan Harvey, pro se, and Larry L. Lamb, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., and Randolph B. Felker, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

On September 8, 1969, the defendant was indicted on charges of armed robbery, contrary to § 40A–16–2, N.M.S.A.1953 (2d Repl. Vol. 6); kidnapping, contrary to § 40A–4–1, N.M.S.A.1953 (2d Repl. Vol. 6); aggravated assault, contrary to § 40A–3–2 (A), N.M.S.A.1953 (2d Repl. Vol. 6); and aggravated battery, contrary to § 40A–3–5, N.M.S.A.1953 (2d Repl. Vol. 6). A letter dated October 28, 1969, received on October 30, 1969, notified the Bernalillo County District Attorney that defendant was incarcerated on other charges in California, and informed the District Attorney of the name and address of the California institution where defendant was being held. After a delay of twenty-six months, defendant was returned to New Mexico for trial. The defendant was tried by a jury and convicted on all counts. From an adverse judgment and sentence, defendant appeals claiming denial of his right to a speedy trial under U.S.Const. Amend. VI and N.M.Const., Art. II, § 14.

We reverse.

The issues presented in this case are governed by the United States Supreme Court's decision in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). As an aid to evaluation of the rather amorphous speedy trial right, the court in *Barker,* indicated that the following four factors should be weighed: length

of delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant. At oral argument the Attorney General did not contest defendant's assertion that three of the factors—length of delay, reason for delay and assertion of the right—weighed heavily against the state. The only issue contested by the state was prejudice. The approach of the state was, in sum, that if it could show that the defendant suffered no prejudice from the delay, his speedy trial claim must be denied.

Our review of the most recent authorities indicate that this approach is not correct. In State v. Mascarenas, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972), we adopted a test whereby the court would weigh each of the four factors mentioned above. There we stated:

"In our opinion, we need not decide whether any one of the factors is controlling. We reach our decision by considering all of the factors. * * *"

Similarly the court in Barker v. Wingo, supra, stated:

"We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. * * *"

Applying the requisite balancing process, and considering the relevant circumstances shown in this record, the three factors conceded by the state clearly outweigh the state's contention as to the absence of prejudice. Therefore, we are compelled to reverse. However, because the state did make arguments on two of the other three factors in its brief, and because this case presents our first opportunity to resolve a speedy trial claim in light of Barker v. Wingo, supra, we will analyze the four factors as they relate to this case.

*(1) Length of the delay.*

■ Twenty-six months transpired between the time the district attorney's office was notified of defendant's whereabouts and the time he was returned to New Mexico for trial. The Supreme Court of New Mexico has set a policy generally allowing only six months' delay between indictment and trial. See § 21–1–1(95), N.M.S.A.1953 (Repl.Vol. 4, Supp.1971). Although the rule is not applicable here, the policy is. See State v. Mascarenas, supra. A delay of over four times the acceptable period presently allowed will suffice to "trigger further inquiry." See Barker v. Wingo, supra.

*(2) Reason for the delay.*

■■ The state asserts that: "The primary reason for the delay was Appellant's flight from New Mexico. * * *" We agree that delay occasioned by the accused will weigh heavily against him. Raburn v. Nash, 78 N.M. 385, 431 P.2d 874 (1967), cert. dismissed 389 U.S. 999, 88 S.Ct. 582, 19 L.Ed.2d 613 (1967). It is apparent from the record, however, that the delay brought on by the defendant's alleged flight was relatively short. If the state did not know of defendant's whereabouts before, they knew with certainty on October 30, 1969. Defendant's numerous demands for a determination of the pending charges are inconsistent with the state's assertion. It is clear from the record that the real reason for the delay was the defendant's incarceration in California and the alleged lack of convenient administrative machinery for his return. At a preliminary hearing on defendant's pretrial motion to dismiss, the district attorney stated:

"Our position in this matter is when Mr. Harvey was picked up in California and held by the California authorities on the armed robbery offense, he was subsequently incarcerated. We did nothing more at that time because he was already in the California jurisdiction and control. * * *"

"* * *

"So, as far as the Detainer Act, [Agreement on Detainers Act, §§ 41–20–19 through 41–20–23, N.M.S.A.1953 (2d Repl. Vol. 6)] which New Mexico became a party to last June or July, that, of course, was not in effect at the time the requests were made by Mr. Harvey. When the Act did become in effect, and it was apparent Mr. Harvey still wanted to come back to New Mexico, he was brought back. * * *"

Is incarceration in a foreign jurisdiction and the nature of administrative machinery an adequate reason for delay? New Mexico law is uncertain. The court in Raburn v. Nash, supra, states:

"A prisoner does not forfeit his right to a speedy trial solely because he is confined in the penitentiary under sentence for another offense. * * * [Citations omitted] This is particularly true when the state that holds him in prison is the same state that presents the indictments. * * *"

The court in *Raburn* only alluded to the foreign jurisdiction question, it did not decide it. The state argues that the question was resolved in State v. Crump, 82 N.M. 487, 484 P.2d 329 (1971). The defendant in *Crump* claimed the loss of alibi witnesses resulted from a fourteen month delay between indictment and trial. All but one month of this delay was due to incarceration in Michigan. The reason for the denial of the speedy trial claim was that *Crump's* claim of loss of alibi witnesses was incredible. *Crump* was decided on the basis that no prejudice was shown by the delay and that under the facts of that case there was no denial of a speedy trial. Our facts are different.

Despite the lack of controlling New Mexico law, we find ourselves bound by the decision of the United States Supreme Court in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1968), where petitioner sought dismissal of a pending charge. The state attempted to excuse the delay by the fact that petitioner was incarcerated in a federal prison. The court not-

ed that incarceration in a *foreign* jurisdiction would aggravate and compound the problems which any prisoner has in defending himself. Therefore, it held:

"* * * Upon the petitioner's demand, Texas had a constitutional duty to make a diligent, good faith effort to bring him before the Harris County Court for trial."

The only significant distinction between *Smith* and the instant case is that in *Smith* a demand by Texas would have been quickly complied with. Here, the only available method to bring the accused to New Mexico was the Uniform Criminal Extradition Act, §§ 41–19–1 through 41–19–30, N.M.S.A.1953 (2d Repl. Vol. 6) to which California is a party. Cal.Ann.Penal Code §§ 1547–1558 (West 1970). Defendant cites ample authority to the effect that where the demanding and holding states are both parties to the Act, there is a duty upon the prosecutor to seek extradition. Renton v. State, 480 P.2d 624 (Okl.Cr.App.1970); People v. Bryarly, 23 Ill.2d 313, 178 N.E.2d 326 (1961); and Pellegrini v. Wolfe, 225 Ark. 459, 283 S.W.2d 162 (1955). Although it could be argued that the presence or absence of administrative machinery is immaterial to defendant's constitutional rights, we need not reach this question. We hold that where the machinery exists, the prosecutor has a constitutional duty to attempt to use it. No such attempt was made here.

The state seeks to justify the delay by arguing that defendant really did not attempt to waive extradition, as he claimed. The court in Thompson v. State, 482 P.2d 627 (Okl.Cr.1971) responded to a similar contention as follows:

"We, therefore, hold that a criminal accused confined in a penal institution outside Oklahoma need not waive his right to extradition in order to request a speedy trial on a pending criminal charge in Oklahoma. The accused's refusal to execute an extradition waiver does not obviate the obligation of the

prosecuting authorities to seek custody through extradition. * * * "

The fact that New Mexico was not a party to the Agreement on Detainers Act until these proceedings had been pending for some time is not an answer. Similar arguments have been rejected in State v. Otero, 210 Kan. 530, 502 P.2d 763 (1972), and People v. Winfrey, 20 N.Y.2d 138, 281 N.Y.S.2d 823, 228 N.E.2d 808 (1967). The fact that a less cumbersome method of vindicating a prisoner's rights is not available does not excuse the failure to use available means. We find that this failure is the reason for the delay and it weighs heavily against the state.

### (3) *Assertion of the right to speedy trial.*

■ The record shows that defendant, several times, made demands on various New Mexico officials, that there be a speedy resolution of the charges. The state agrees that these demands were made. Thus, this case is different from Barker v. Wingo, supra, where the defendant did not want a speedy trial. The demands for a speedy trial weigh heavily in favor of defendant.

### (4) *Prejudice to the accused.*

■ Since both parties have introduced actual evidence to bolster their claims of prejudice or the lack of it, we need not consider the issue of presumptive prejudice further. See State v. Mascarenas, supra. Defendant relies largely upon the factors mentioned in Smith v. Hooey, supra. There the court states:

"* * * the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. * * * "

Defendant argues that if he had been tried within six months of his sentence, he would have had an *opportunity* to sever over twenty months from his New Mexico sentence. The state contends that defendant was not actually sentenced to concur-

rent New Mexico and California terms and that, therefore, he was not prejudiced. Both parties interpret defendant's sentence differently. We find this dispute immaterial. The fact that defendant was denied the *opportunity* to sever a substantial portion of his New Mexico sentence is enough to prejudice him.

Although this type of prejudice is entitled to some weight, we do not think it is overly important. The worst type of prejudice is that which bears on the guilt or innocence of the accused. In this respect defendant once again cites Smith v. Hooey, supra, which states:

"* * * Confined in a prison, perhaps far from the place where the offense covered by the outstanding charge allegedly took place, his ability to confer with potential defense witnesses, or even to keep track of their whereabouts, is obviously impaired. And, while 'evidence and witnesses disappear, memories fade, and events lose their perspective,' a man isolated in prison is powerless to exert his own investigative efforts to mitigate these erosive effects of the passage of time."

■ The defendant contends that he was prejudiced because he lost track of several witnesses who could substantiate his alibi that he was in Las Vegas, Nevada, at the time when the events involved occurred. However, we have little to go on other than the defendant's assertions. Furthermore, the state introduced and relies on evidence which tends to rebut defendant's alibi. There was the positive and unequivocal identification of the defendant by six witnesses. Three of these witnesses were with the defendant for more than four hours. This evidence casts great doubt upon the credibility of defendant's alibi and, therefore, his assertion of prejudice.

The defendant's final claim of prejudice is the loss of evidence, specifically a telephoto from which he was identified. Witnesses were shown five pictures, four of which were glossy prints. The telephoto

in question was on xerox paper. Defendant contends that it was suggestive and that he should have been able to cross-examine with it. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968).

Defendant's contention, however, is again weakened by the strength of the identification. It could be argued that the positive nature of the identification was attributable to the fact that defendant was denied the opportunity to demonstrate its weakness. However, the record indicates that not all of the witnesses initially identified defendant from the telephoto.

We think that defendant has made a minimal showing at best on the issue of prejudice. He has not really demonstrated prejudice on the identification and alibi issues. We find the record on this issue to be equivocal, and, in our opinion, weighs as much in favor of a conclusion of no prejudice as it does in favor of a conclusion of prejudice.

In summary, we have a twenty-six month delay, no adequate reason for the delay and a repeated assertion by defendant that he be tried; an assertion which, under Barker v. Wingo, supra, is entitled to "strong evidentiary weight." Despite the equivocal showing on the question of prejudice all the factors, weighed together, establish that defendant was denied his right to a speedy trial. See State v. Mascarenas, supra.

We reverse the judgment and sentence of the lower court and remand to the district court with instructions to set aside the judgment and sentence and dismiss the charges against defendant. The Attorney General of New Mexico is instructed to inform California penal officials of such dismissal. See Thompson v. State, supra.

It is so ordered.

WOOD, C. J., and HENDLEY, J., specially concur.

WOOD, Chief Judge, and HENDLEY, Judge (specially concurring).

The three factors of length of delay, reason for delay and defendant's assertion of his right to a speedy trial clearly outweigh the State's equivocal showing that defendant was not prejudiced by the delay. We agree with reversal of this case and dismissal of the New Mexico charges on the basis of Barker v. Wingo, supra; Smith v. Hooey, supra; and State v. Mascarenas, supra. We do not join in the apology for applying Barker v. Wingo, supra, nor do we join in the discussion of prejudice.