This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **NO. 34,374**

**HERMAN CUEVAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant Herman Cuevas appeals from the district court's judgment and

sentence convicting him, pursuant to a conditional plea agreement, of several drug, weapon, and property-related offenses. [RP 109-14, 131-36] Having reserved the right to challenge the district court's denial of his motion to dismiss for violation of his speedy trial rights, Defendant asks this Court to review the propriety of the district court's denial of his motion. [RP 110] Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and therefore affirm.

{2}      Defendant argues that the district court erred in determining that Defendant's right to a speedy trial had not been violated after a delay of almost twenty-three months between Defendant's date of arrest and the scheduled jury trial. [DS 3-4; MIO 1] In this Court's notice, because Defendant failed to supply this Court with the information necessary to engage in a meaningful review of his claim, we proposed to rely on the presumption of correctness in concluding that the district court's decision was correct. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

{3}      In his memorandum in opposition, Defendant fulfilled his obligations under Rule 12-208(D)(3) NMRA and our case law, *see id.* (requiring a docketing statement

to contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (construing our appellate rules to require the inclusion of the evidence that supports the trial court's ruling in a docketing statement), and we therefore proceed to consider the merits of his claim.

{4} To determine the merits of a speedy trial motion, we evaluate the four factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972) (the *Barker* factors): the length of delay, the reasons for delay, the defendant's assertion of the right to speedy trial, and prejudice to the defendant. *State v. Collier*, 2013-NMSC-015, ¶ 39, 301 P.3d 370. On appeal, we give deference to the district court's factual findings, but review the constitutional question de novo. *State v. Brown*, 2003-NMCA-110, ¶ 11, 134 N.M. 356, 76 P.3d 1113. The determination as to whether a violation has occurred will be specific to the circumstances of each particular case. *State v. Spearman*, 2012-NMSC-023, ¶ 16, 283 P.3d 272.

{5} We first consider the length of the delay, which serves both as "a threshold inquiry that triggers the rest of the analysis" and as "part of the balancing test itself." *See State v. Stock*, 2006-NMCA-140, ¶ 13, 140 N.M. 676, 147 P.3d 885. Thus, we determine whether the length of pretrial delay is "presumptively prejudicial" and, if it is, we then proceed to consideration of the *Barker* factors. *See State v. Ochoa*, 2014-

3

NMCA-065, ¶ 3, 327 P.3d 1102; *see also State v. Garza*, 2009-NMSC-038, ¶ 21, 23, 146 N.M. 499, 212 P.3d 387 (recognizing that the triggering date preceding a speedy trial analysis is synonymous with a "presumptively prejudicial" delay). Because the time span between Defendant's date of arrest and the scheduled jury trial was almost twenty-three months, [DS 3; MIO 1, 3; RP 92, 93] and this is undisputably a simple case, [RP 94,102; MIO 4] the delay exceeds the presumptively prejudicial threshold, triggering further consideration of the *Barker* factors. *See Garza*, 2009-NMSC-038, ¶ 2 (providing that the length of delay necessary to trigger the speedy trial inquiry is twelve months for simple cases).

{6} "In determining what weight to give the length of any delay, we consider the extent to which the delay stretched beyond the presumptively prejudicial period." *State v. Lujan*, 2015-NMCA-032, ¶ 11, 345 P.3d 1103. "[T]he greater the delay[,] the more heavily it will potentially weigh against the State." *Garza*, 2009-NMSC-038, ¶ 24. In this case, the delay was almost eleven months past the presumptively prejudicial period. In *State v. Marquez*, 2001-NMCA-062, ¶ 12, 130 N.M. 651, 29 P.3d 1052, this Court held that a similar, though shorter, length of delay—nine months beyond the date of presumptive prejudice in a simple case—weighed "heavily against the State." *Id.* In this case, we likewise conclude that the delay, which amounted to almost two times the presumptively prejudicial period for a simple case, weighs heavily against

the State and in Defendant's favor.

{7}     Turning to the second factor, we must allocate the reasons for the delay to each side and determine the weight attributable to each reason. *See State v. Plouse*, 2003-NMCA-048, ¶ 45, 133 N.M. 495, 64 P.3d 522. "A deliberate or bad faith attempt to delay the trial with the goal of hindering the defense will weigh heavily against the prosecution, whereas delay caused by a valid reason, such as a missing witness or time spent opposing the defendant's pretrial motions, is both inevitable and wholly justifiable." *State v. Steinmetz*, 2014-NMCA-070, ¶ 7, 327 P.3d 1145.

{8}     In the current case, the district court found that most of the delay was attributable to Defendant. [MIO 4] Our review of the record and Defendant's filings in this Court indicates that Defendant was the cause for almost all of the delay between July 2013 and the date of his conditional plea agreement (October 15, 2014). [RP 109] "[D]elay occasioned by the accused will weigh heavily against him." *State v. Harvey*, 1973-NMCA-080, ¶ 7, 85 N.M. 214, 510 P.2d 1085. This time period accounts for fifteen out of the almost twenty-three months of delay. During this time, the following relevant events occurred: (1) Defendant moved to continue his arraignment, [RP 51] (2) Defendant moved to continue a jury trial set for December 17, 2013, [RP 69] (3) the district court reset this trial date for April 28, 2014, [RP 73] (4) the April 28, 2014, trial date was vacated by the district court, and the court set a

change of plea hearing for May 9, 2014, "per stipulation of counsel"; [RP 75] (5) Defendant decided not to enter a plea, and the trial was therefore reset for June 23, 2014, [RP 77, 100; MIO 3] (6) defense counsel moved to continue the trial set for June 23, 2014, because he would be trying another case on that day, [RP 84] and (7) on August 7, 2014, the trial was reset for January 30, 2015. [RP 92] Thereafter, Defendant filed his motion to dismiss for violation of his right to a speedy trial. [RP 93] Based on the foregoing, we agree with the district court that Defendant is responsible for much of the delay in this case; this delay cannot be attributed to the State with the exception of shorter periods of time, where there is no evidence of bad faith.

{9}     Next, "we assess the timing of the defendant's assertion and the manner in which the right was asserted." *Garza*, 2009-NMSC-038, ¶ 32. "[W]e accord weight to the frequency and force of the defendant's objections to the delay." *Id.* (internal quotation marks and citation omitted). "We also analyze the defendant's actions with regard to the delay." *Id.* Here, it appears there was one pro forma assertion of Defendant's right to speedy trial filed along with defense counsel's entry of appearance. [RP 25] "[P]ro forma motions are generally afforded relatively little weight in this analysis." *State v. Urban*, 2004-NMSC-007, ¶ 16, 135 N.M. 279, 87 P.3d 1061. Defendant also points out that he asserted his right to a speedy trial by

motion, [RP 93] but we note that he filed this motion after his trial date was reset pursuant to his motion to continue the previous trial date. [RP 93, 84, 85, 92] *See State v. Fierro,* 2012-NMCA-054, ¶ 54, 278 P.3d 541 (giving little weight to the defendant's assertions after considering the defendant's "actions in contributing to the delay and being unready for trial while simultaneously asserting his speedy trial right"). In light of these considerations, we agree with the district court that Defendant asserted his right, [MIO 4] and we weigh the third factor slightly in Defendant's favor.

{10}     Fourth and finally, we turn to the question of prejudice, which requires us to consider whether: (1) Defendant endured oppressive pretrial incarceration; (2) Defendant suffered undue anxiety and concern; and (3) the defense was impaired. *See Spearman*, 2012-NMSC-023, ¶ 37. Citing *Salandre v. State*, 1991-NMSC-016, 111 N.M. 422, 806 P.2d 562, Defendant asserts that "[i]n order to show there has been no prejudice, the State must show there has been no anxiety and concern." [MIO 10] Defendant has conflated the significance of "presumptive prejudice" and "actual prejudice." The former is simply the term that has been assigned to the threshold, mechanical inquiry that triggers the speedy trial analysis. *Garza*, 2009-NMSC-038, ¶ 21. Establishing "presumptive prejudice"—that is, establishing that the State took longer than twelve months to bring a simple case to trial—does not shift the burden to the State to prove the absence of actual prejudice. *See id.* ¶ 35 (stating that the

defendant bears the burden of proof on this issue). The burden-shifting principles that Defendant cites to the contrary were expressly modified in *Garza*. *Id.* ¶¶ 19-22.

Defendant was incarcerated throughout the pendency of this case, and argued to the district court that he suffered "great anxiety and concern." [MIO 10] The district court, however, found that Defendant suffered "typical anxiety" under the circumstances. [MIO 4, 10] Under similar circumstances, involving twenty-two months of pretrial incarceration, we concluded that such a lengthy incarceration was prejudicial. *State v. Moreno*, 2010-NMCA-044, ¶ 37, 148 N.M. 253, 233 P.3d 782. Similarly, here, we conclude that Defendant did suffer some prejudice awaiting trial while incarcerated for almost two years, and we weigh this factor in his favor. *See id.* (weighing this factor slightly in Defendant's favor given the near two-year period of incarceration); *see also Garza*, 2009-NMSC-038, ¶ 35 ("[W]e weigh this factor in the defendant's favor only where the pretrial incarceration or the anxiety suffered is undue. The oppressive nature of the pretrial incarceration depends on the length of incarceration, whether the defendant obtained release prior to trial, and what prejudicial effects the defendant has shown as a result of the incarceration. . . . [W]ithout a particularized showing of prejudice, we will not speculate as to the impact of pretrial incarceration on a defendant or the degree of anxiety a defendant suffers." (citation omitted)). Under the circumstances in this case, we are not able to weight

Defendants' incarceration heavily in this favor.

{11} In summary, only the length of delay weighs heavily in Defendant's favor, and critically, Defendant caused much of the delay. Under the circumstances, we reject Defendant's speedy trial claim. The weight of the almost twenty-three-month delay is mitigated by Defendant's substantial contribution to that delay. While proceedings in this case were unfortunately and unnecessarily slow, in the face of Defendant's acquiescence, we cannot say that Defendant's constitutional right to speedy trial was violated.

{12} For the reasons set forth in our proposed disposition and in this opinion, we affirm.

{13} **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**